# EXHIBIT 1

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 5 – 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Mary Flores

Benno Ashrafi, Esq. (CSBN 247623)
Leonard Sandoval, Esq. (CSBN 273992)
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700
Los Angeles, California 90067
Tel.: (310) 247-0921
Fax: (310) 786-9927
Attorneys for Plaintiffs

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

DAVID SCLAFANI, an individual; and
PATRICIA ANN SCLAFANI, an individual;

  Plaintiffs,

  v.

AIR & LIQUID SYSTEMS
CORPORATION, a subsidiary of AMPCO-
PITTSBURGH CORPORATION, individually
and as successor by merger to BUFFALO
PUMPS, INC., individually and as successor in
interest to BUFFALO FORGE COMPANY;
AURORA PUMP COMPANY;
BW/IP INC., individually and as successor in
interest to BYRON JACKSON PUMP CO.;
CARRIER CORPORATION, individually
and as successor in interest to BRYANT
HEATING & COOLING SYSTEMS;
CBS CORPORATION f/k/a VIACOM,
INC., successor by merger to CBS
CORPORATION f/k/a WESTINGHOUSE
ELECTRIC CORPORATION as successor in
interest to BF STURTEVANT;
CLARK-RELIANCE CORPORATION,
individually and as successor in interest to
JERGUSON GAGE & VALVE COMPANY;
CLEAVER-BROOKS, INC., individually
and f/k/a AQUA-CHEM, INC.;
CRANE CO.;
DANA COMPANIES LLC, f/k/a and

CASE NO. BC 4 8 0 2 3 7

[COMPLEX ASBESTOS LITIGATION –
SUBJECT TO THE GENERAL ORDERS
CONTAINED IN FILE NO: C 700 000]

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1. **NEGLIGENCE**

2. **BREACH OF EXPRESS AND
   IMPLIED WARRANTIES**

3. **STRICT LIABILITY**

4. **PREMISES OWNER/
   CONTRACTOR LIABILITY**

5. **LOSS OF CONSORTIUM**

**DEMAND FOR JURY TRIAL   –**

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  individually and as successor in interest to VICTOR CORPORATION, VICTOR
2  GASKETS and VICTOR MANUFACTURING AND GASKET
3  COMPANY;
   **FMC CORPORATION**, individually and as
4  successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE
5  APPARATUS COMPANY, CHICAGO PUMP COMPANY and PEERLESS PUMP
6  COMPANY;
   **FOSTER WHEELER, LLC**, a/k/a and
7  individually and as successor in interest to FOSTER WHEELER CORPORATION and
8  FOSTER WHEELER ENERGY CORPORATION;
9  **GARDNER DENVER, INC.**, f/k/a
10 GARDNER DENVER MACHINERY, INC.;
   **GENERAL ELECTRIC COMPANY;**
11 **GOODYEAR TIRE & RUBBER COMPANY;**
12 **GOULDS PUMPS, INC.;**
   **HILL BROTHERS CHEMICAL**
13 **COMPANY;**
   **IMO INDUSTRIES, INC.**, individually and
14 as successor in interest to DELAVAL STEAM TURBINE COMPANY;
15 **INGERSOLL-RAND COMPANY,**
   individually and as successor in interest to
16 TERRY STEAM TURBINE COMPANY;
17 **J.T. THORPE & SON, INC.;**
   **JERGUSON GAGE & VALVE**
18 **COMPANY;**
   **JOHN CRANE, INC.;**
19 **METALCLAD INSULATION CORPORATION;**
20 **O-I, INC.**, individually and as successor in interest to OWENS-ILLINOIS GLASS
21 COMPANY;
   **PEERLESS INDUSTRIES, INC.;**
22 **SYD CARPENTER, MARINE CONTRACTOR, INC.;**
23 **THE NASH ENGINEERING COMPANY;**
24 **THOMAS DEE ENGINEERING CO., INC.;**
25 **TRIPLE A MACHINE SHOP, INC.;**
26 **WARREN PUMPS, LLC**, f/k/a WARREN PUMPS, INC., individually and as successor in
27
28

PLAINTIFFS' COMPLAINT

interest to QUIMBY PUMP COMPANY;
**YARWAY CORPORATION;**
and DOES 1 through 400, inclusive,

Defendants.

**COMES NOW,** Plaintiffs DAVID SCLAFANI and PATRICIA ANN SCLAFANI for causes of action against defendants and DOES 1 through 400, and each of them, inclusive, who file this Complaint and alleges as follows:

## GENERAL ALLEGATIONS

1.     The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE caused injuries and damages proximately thereby to plaintiffs as hereinafter alleged; and that each DOE defendant is liable to the plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to plaintiffs, and damages sustained by the plaintiffs.  Plaintiffs will amend this complaint to allege the true names and capacities of said DOE defendants when that same is ascertained.

2.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants and each of the DOE defendants were the agent, servant, employee and/or joint venturer of the other co-defendants and other DOE defendants, and each of them, and at all said times, each defendant and each DOE defendant was acting in the full course, scope and authority of said agency, service, employment and/or joint venture.

3.     Plaintiffs are informed and believe, and thereon allege, that all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known as, formerly known as and/or were the successors and/or predecessors in interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in an entity or entities engaged in the funding, researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling,

- 3 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing,

2  installing, demolishing, contracting for installation, contracting others to install, repairing,

3  marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain

4  substance, the generic name of which is asbestos, and/or other products, components and assemblies

5  containing said substance (hereafter "alternate entities"). Defendants and DOES 1 through 400, and

6  each of them, inclusive, are liable for the acts, omissions and tortious conduct of its successors

7  and/or predecessors in interest/business/product line/or a portion thereof, assigns, parent, subsidiary,

8  affiliate, partner, co-venturer, merged company, alter ego, agent, equitable trustee, fiduciary and/or

9  its alternate entities in that defendants and DOES 1 through 400, and each of them, inclusive, enjoy

10  the goodwill originally attached to each such alternate entity, acquired the assets or product line (or

11  portion thereof), and in that there has been a virtual destruction of plaintiffs' remedy against each

12  such alternate entity, and that each such defendant has the ability to assume the risk spreading role of

13  each such alternate entity.

14      4.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

15  mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and are

16  corporations organized and existing under the laws of the State of California or the laws of some

17  state or foreign jurisdiction; that each of the said defendants and DOE defendants were and are

18  authorized to do and are doing business in the State of California and regularly conducted business

19  in the County of Los Angeles.

20      5.    This lawsuit is brought strictly and solely upon California State law, and every claim

21  arising under the Constitution, treaties, or laws of the United States is expressly disclaimed

22  (including any claim arising from an act or omission on a federal enclave, or of any officer of the

23  U.S. or any agency or person acting under him occurring under color of such office). No claim of

24  admiralty or maritime law is raised.

25      6.    Plaintiff DAVID SCLAFANI was a worker and end user, including but not limited to,

26  a Boiler Tender aboard the USS Morton and USS Rogers who at various locations, including within

27  the State of California, used, handled or was otherwise exposed to asbestos, asbestos containing

28  products and/or products designed to be used in association with asbestos products of, and/or on or

- 4 -

BY PLAINTIFFS' COMPLAINT

1    about the premises of, defendants and DOES 1 through 400, and each of them, inclusive.

2        7.    Plaintiffs are informed and believe, and thereon allege, that asbestos related diseases

3    such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural plaques are progressive

4    lung diseases caused by cumulative inhalation of asbestos fibers without perceptible trauma and that

5    said diseases result from exposure to asbestos and asbestos products over a period of time.

6        8.    As set forth herein this complaint, and as a result of plaintiff DAVID SCLAFANI's

7    asbestos exposure to the products of and/or on the premises of defendants and DOES 1 through 400,

8    and each of them, inclusive, plaintiff DAVID SCLAFANI was diagnosed with mesothelioma on or

9    around January 2012, which is life threatening, debilitating and likely terminal, and plaintiff

10   continues to endure great physical pain and suffering, mental anguish, loss of enjoyment of life and

11   the loss of earnings, earning capacity and attendant medical expenses; and as a result, plaintiff

12   PATRICIA ANN SCLAFANI has suffered from the loss of love, comfort, society, attention of, and

13   the loss of services and support of, DAVID SCLAFANI; all to the plaintiffs' general and special

14   damage in excess of the jurisdictional limits of the unlimited Court.

15                              **FIRST CAUSE OF ACTION**

16                                   **NEGLIGENCE**

17              **(Against All Product Defendants and DOES 1 through 200)**

18       9.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at

19   length herein, all of the allegations of paragraphs 1 through 8 above, inclusive.

20       10.   Plaintiff DAVID SCLAFANI was a worker and end user who, as a Boiler Tender

21   aboard the USS Morton and USS Rogers used, handled or was otherwise exposed to asbestos,

22   asbestos containing products and/or products designed to be used in association with asbestos

23   products of, including, but not limited to: **AIR & LIQUID SYSTEMS CORPORATION**, a

24   subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to

25   BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE

26   COMPANY (for pumps); **AURORA PUMP COMPANY** (for pumps); **BW/IP INC.**, individually

27   and as successor in interest to BYRON JACKSON PUMP CO. (for pumps and turbines);

28   **CARRIER CORPORATION**, individually and as successor in interest to BRYANT HEATING &

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 5 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICER
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  COOLING SYSTEMS (for air conditioning and refrigeration units); **CBS CORPORATION f/k/a**
2  **VIACOM, INC.**, successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE
3  ELECTRIC CORPORATION as successor in interest to BF STURTEVANT (for heaters, turbines,
4  ship service generators and forced draft blowers); **CLARK-RELIANCE CORPORATION**,
5  individually and as successor in interest to JERGUSON GAGE & VALVE COMPANY (for boiler
6  gage and valves); **CLEAVER-BROOKS, INC.**, individually and f/k/a AQUA-CHEM, INC. (for
7  distillers); **CRANE CO.** (for valves, gaskets); **DANA COMPANIES LLC**, f/k/a and individually
8  and as successor in interest to VICTOR CORPORATION, VICTOR GASKETS and VICTOR
9  MANUFACTURING AND GASKET COMPANY (for gaskets); **FMC CORPORATION**,
10 individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN
11 FIRE APPARATUS COMPANY, CHICAGO PUMP COMPANY and PEERLESS PUMP
12 COMPANY; (for Northern pumps, Chicago pumps, Peerless pumps); **FOSTER WHEELER, LLC**,
13 a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and
14 FOSTER WHEELER ENERGY CORPORATION (for boilers, main condensers, economizers);
15 **GARDNER DENVER, INC.**, f/k/a GARDNER DENVER MACHINERY, INC. (for pumps);
16 **GENERAL ELECTRIC COMPANY** (for turbines, pumps and generators); **GOODYEAR TIRE**
17 **& RUBBER COMPANY** (for gaskets); **GOULDS PUMPS, INC.** (for pumps); **HILL**
18 **BROTHERS CHEMICAL COMPANY** (as contractor/premise owner/supplier of asbestos
19 products); **IMO INDUSTRIES, INC.**, individually and as successor in interest to DELAVAL
20 STEAM TURBINE COMPANY (for DeLaval turbines and pumps); **INGERSOLL-RAND**
21 **COMPANY**, individually and as successor in interest to TERRY STEAM TURBINE COMPANY
22 (for pumps and compressors); **J.T. THORPE & SON, INC.** (as a contractor/premise owner/supplier
23 of asbestos products); **JERGUSON GAGE & VALVE COMPANY** (for boiler gage and valves);
24 **JOHN CRANE, INC.** (for gaskets and packing); **JOHN CRANE, INC.** (for gaskets and packing);
25 **O-I, INC.**, individually and as successor in interest to OWENS-ILLINOIS GLASS COMPANY (for
26 insulation); **PEERLESS INDUSTRIES, INC.** (for pumps); **SYD CARPENTER, MARINE**
27 **CONTRACTOR, INC.** (as contractor/premise owner/supplier of asbestos products); **THE NASH**
28 **ENGINEERING COMPANY** (for pumps and compressors); **THOMAS DEE ENGINEERING**

PLAINTIFFS' COMPLAINT

CO., INC. (as contractor/premise owner/supplier of asbestos products); **TRIPLE A MACHINE SHOP, INC.** (as contractor/premise owner/supplier of asbestos products); **WARREN PUMPS, LLC,** f/k/a WARREN PUMPS, INC., individually and as successor in interest to QUIMBY PUMP COMPANY (for pumps); **YARWAY CORPORATION** (for valves), and DOES 1 through 200, and each of them, inclusive (hereafter "Product Defendants"), in a manner that was reasonably foreseeable to said defendants.

11.   At all times herein mentioned, the Product Defendants, and each of them, inclusive, were engaged in the business of researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

12.   At all times herein mentioned, the Product Defendants, and each of them, inclusive, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or other asbestos-containing products, components and assemblies containing said substance, and that said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including plaintiff DAVID SCLAFANI, while being used in a manner that was intended by or otherwise

- 7 -

1  reasonably foreseeable to said defendants, thereby rendering said substances unsafe and dangerous

2  for use by the consumers, users, bystanders or workers exposed thereto.

3      13.    At all times herein mentioned, the Product Defendants, and each of them, inclusive,

4  had a duty to exercise reasonable care while engaging in the activities mentioned above and said

5  Defendants breached said duty of reasonable care in that Product Defendants, and each of them,

6  inclusive, failed to safely and adequately design, manufacture and/or sell said defendants' products;

7  failed to test said products; failed to investigate the hazards of said products; failed to warn those

8  persons who would be exposed, including plaintiff DAVID SCLAFANI, of the health hazards of

9  using said defendants' products; failed to disclose the known or knowable dangers of using said

10 defendants' products; failed to obtain suitable alternative materials to asbestos when such

11 alternatives were available; and as otherwise stated herein.

12     14.    On or before 1927, and thereafter, the Product Defendants, and each of them,

13 inclusive, were aware and knew of the dangers associated with breathing asbestos containing dust,

14 and said defendants also were aware and knew that users of asbestos and asbestos products, as well

15 as members of the general public who would be exposed to asbestos and asbestos-containing

16 products, had no knowledge or information indicating that asbestos could cause injury, and said

17 defendants knew that the users of asbestos and asbestos-containing products, as well as members of

18 the general public who were exposed to asbestos and asbestos-containing products, would assume,

19 and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in

20 fact said exposure was extremely hazardous to human life; and propagated misinformation intended

21 to instill in users of the said defendants' products a false security about the safety of said defendants'

22 products.

23     15.    The Product Defendants, and each of them, inclusive, knew and failed to disclose that

24 plaintiff DAVID SCLAFANI and anyone similarly situated, upon inhalation of asbestos would, in

25 time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

26 mesothelioma and/or cancer, and said defendants knew and failed to disclose that inhalation of

27 asbestos would cause pathological effects without noticeable trauma to the public, including buyers,

28 users, and physicians such that physicians could not examine, diagnose and treat those who were

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 8 -

1    exposed to asbestos, including plaintiff.

2        16.    The Product Defendants, and each of them, inclusive, despite said defendants

3    knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly

4    concealed and actively suppressed and promoted the suppression from all consumers, including

5    plaintiff DAVID SCLAFANI, medical and scientific information concerning the health hazards

6    associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in

7    conscious disregard of the rights, safety and welfare of users, consumers, workers, persons working

8    around or living with persons working with or around such asbestos and asbestos-containing

9    products, and others including plaintiff DAVID SCLAFANI.

10       17.    Rather than attempting to protect users and workers from, or warn workers and users

11   of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing

12   products, the Product Defendants, and each of them, inclusive, intentionally failed to reveal their

13   knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said

14   knowledge from members of the general public that asbestos and asbestos products were unsafe for

15   all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

16   Said defendants propagated misinformation to instill a false sense of security and safety to instill in

17   users a false sense of security about the safety of their products.

18       18.    In researching, testing, manufacturing, distributing, labeling, installing and marketing

19   said products, the Product Defendants, and each of them, inclusive, did so with conscious disregard

20   for the safety of the users of said products, in that said defendants had specific prior knowledge that

21   there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing

22   products, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from

23   scientific studies, government data, and medical data to which defendants had access, as well as

24   scientific studies performed by, at the request of, or with the assistance of, said defendants, and

25   which knowledge was obtained by said defendants on or before 1927, and thereafter.

26       19.    The above referenced conduct of said Product Defendants, and each of them,

27   inclusive, was motivated by the financial interest of said defendants in the continuing, uninterrupted

28   distribution and marketing of asbestos and asbestos-containing products.  In pursuance of said

- 9 -

1  financial motivation, said defendants consciously disregarded the safety of the users of, and persons

2  exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to

3  permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and

4  persons exposed thereto, including plaintiff.

5       20.    With said knowledge, said Product Defendants, and each of them, inclusive, opted to

6  manufacture, distribute and install said asbestos and asbestos-containing products without attempting

7  to protect users from or warn users of, the high risk of injury or death resulting from exposure to

8  asbestos and asbestos products.

9       21.    Plaintiffs were not aware that exposure to asbestos presented any risk of injury and/or

10  disease to DAVID SCLAFANI, and had not been advised or informed by anyone that he could

11  contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

12       22.    Product Defendants, and each of them, inclusive, were aware that such dust created

13  an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-

14  containing dust.

15       23.    Plaintiffs are informed and believe, and based thereon allege, that the injuries

16  complained of herein were proximately caused by the negligence of the Product Defendants, and

17  each of them, inclusive, in that said defendants knew or should have known that the asbestos dust

18  would be generated and released from their asbestos-containing products during the regular and

19  intended uses of such asbestos products, and that said asbestos-containing products and the asbestos

20  dust exposure there from created an increased risk of asbestos disease for all users, consumers, or

21  others, including plaintiff, who breathed said asbestos-containing dust which said defendants knew

22  or should have known was harmful to the body and health of persons installing, handling, and using

23  asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such

24  installation, use and handling, and that such asbestos products and dust were capable of causing and

25  did, in fact, cause personal injuries to users, consumers and others, while being used in a manner

26  reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

27       24.    Plaintiffs are informed and believe, and based thereon allege, that the injuries

28  complained of herein were proximately caused by the negligence of the Product Defendants, and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 10 -

1   each of them, inclusive, in that said defendants failed to take reasonable care to warn the plaintiff of

2   the danger and harm to which he was exposed while installing, handling and otherwise using said

3   products, as well as while he was in the vicinity of the use, installation, and handling of said

4   products, and failed to specify, recommend, supply, install, sell, and use readily available substitutes

5   which do not and did not pose the danger to human health.

6           25.      The conduct of the Product Defendants, and each of them, inclusive, as described in

7   this cause of action was a substantial factor and a legal cause of the injuries and damages sustained

8   by plaintiffs, and that said defendants demonstrated such an entire want of care as to establish that

9   their acts and omissions were the result of actual conscious indifference to the rights, safety, and

10   welfare of plaintiff DAVID SCLAFANI, and that such intentional acts and omissions were

11   substantial factors in causing his disease and injuries.

12           26.      As a direct and proximate result of the aforesaid conduct of said Product Defendants,

13   and each of them, inclusive, plaintiff DAVID SCLAFANI has suffered, and continues to suffer,

14   permanent injuries to his person, body and health all to his general damage in a sum in excess of the

15   jurisdictional limits of this unlimited Court.

16           27.      As a direct and proximate result of the aforesaid conduct of said Product Defendants,

17   and each of them, inclusive, plaintiff DAVID SCLAFANI was and will be compelled to and did

18   employ medical services in an amount which has not as yet been fully ascertained and which will be

19   asserted according to proof at trial.

20           28.      As a direct and proximate result of the aforesaid conduct of said Product Defendants,

21   and each of them, inclusive, plaintiffs have and/or will suffer loss of income and earnings, past,

22   present and future and earning capacity in an amount which has not as yet been fully ascertained and

23   which will be asserted according to proof at trial.

24           29.      As a direct and proximate result of the aforesaid conduct of said Product Defendants,

25   and each of them, inclusive, plaintiffs did necessarily incur and in the future will incur incidental

26   expenses and damages in an amount which has not as yet been fully ascertained and which will be

27   asserted according to proof at trial.

28           30.      In particular, plaintiff would show that, as alleged here in this cause of action and

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 11 -

1   throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product

2   Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing

3   agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly

4   ratified, and had full knowledge of or should have known, each of the acts set forth here causing his

5   disease and injuries.   As the above referenced conduct complained of in this complaint of said

6   Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and

7   managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive,

8   outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire

9   want of care as to establish that their acts and omissions were the result of actual conscious

10  indifference to the rights, safety, and welfare of plaintiff DAVID SCLAFANI and of workers

11  exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

12  of punishing said defendants, seek punitive damages according to proof.

13  ## SECOND CAUSE OF ACTION

14  ### BREACH OF EXPRESS AND IMPLIED WARRANTIES

15  **(Against All Product Defendants and DOES 1 through 200)**

16      31.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth at

17  length herein, all of the allegations of paragraphs 1 through 30 above, inclusive.

18      32.   Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or

19  otherwise supplied the asbestos containing products, materials and equipment to Plaintiff and/or his

20  employers.

21      33.   That in connection with the manufacture, preparation, sale, specification, installation,

22  use, and supply of asbestos products, Product Defendants, and each of them, inclusive, expressly and

23  impliedly warranted that said products were of good and merchantable quality and fit for their

24  intended use.   However, in truth and in fact, said products contained harmful and deleterious

25  asbestos fibers, known to the defendants herein, to be defective and harmful to humans exposed

26  thereto.

27      34.   Said products were not and are not suitable for the purposes for which said products

28  were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 12 -

1   use by human beings in confined spaces where humans would be physically present, working, rest-

2   ing or breathing.

3       35.   Plaintiffs relied on the express and implied warranties of Product Defendants, and

4   each of them, inclusive, in the use of and exposure to said asbestos and asbestos products, and

5   plaintiff DAVID SCLAFANI was using and/or exposed to said asbestos in a reasonably foreseeable

6   intended manner.

7       36.   Product Defendants, and each of them, inclusive, breached the above-described

8   express and implied warranties in that said substance was defective, which defects permitted and/or

9   caused said substance to seriously and permanently cause injury to plaintiff while using said

10   substance in a manner that was reasonably foreseeable.

11       37.   The breaches of warranties by the Product Defendants, and each of them, inclusive, as

12   described in this cause of action was a substantial factor and a legal cause of the injuries and

13   damages sustained by plaintiffs.

14       38.   As a direct and proximate result of the above-described breaches of warranties by

15   said Product Defendants, and each of them, inclusive, plaintiff DAVID SCLAFANI suffered severe

16   and permanent injuries to his person, and plaintiffs suffered damages as alleged above.

17       39.   In particular, plaintiff would show that, as alleged here in this cause of action and

18   throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product

19   Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing

20   agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly

21   ratified, and had full knowledge of or should have known, each of the acts set forth here causing his

22   disease and injuries.  As the above referenced conduct complained of in this complaint of said

23   Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and

24   managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive,

25   outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire

26   want of care as to establish that their acts and omissions were the result of actual conscious

27   indifference to the rights, safety, and welfare of plaintiff DAVID SCLAFANI and of workers

28   exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 13 -

1  of punishing said defendants, seek punitive damages according to proof.

2  **THIRD CAUSE OF ACTION**

3  **STRICT LIABILITY IN TORT**

4  **(Against All Product Defendants and DOES 1 through 200)**

5      40.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at

6  length herein, all of the allegations of paragraphs 1 through 39 above, inclusive.

7      41.    At all times mentioned herein, the Product Defendants, and each of them, inclusive,

8  manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased,

9  bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for

10  installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for

11  others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or

12  other products, components and assemblies containing said substance which were defective in that

13  they were not as safe as an ordinary consumer of such products would expect; and that the gravity of

14  the potential harm resulting from the use of the defective products of the Product Defendants, and

15  each of them, inclusive, and the risk of said asbestos and asbestos-containing products outweighed

16  any benefit of the said defendants' design, when safer alternative designs and materials existed and

17  were available that could and should have been substituted and used instead of the deadly asbestos,

18  including providing adequate warning of such potential harm.

19      42.    At all times mentioned herein, the Product Defendants, and each of them, inclusive,

20  were aware of the dangerous and defective nature of asbestos and asbestos-containing products when

21  they were used in their intended or reasonably foreseeable manner.

22      43.    The Product Defendants, and each of them, inclusive, placed said asbestos products

23  on the market, knowing the asbestos-containing products would be used without inspection for such

24  defects and unsafe conditions, and that said defendants nonetheless took no action to warn or

25  otherwise protect exposed persons, including plaintiff, who foreseeable would be exposed to these

26  defective and inadequately labeled asbestos and asbestos-containing products.

27      44.    The asbestos and asbestos-containing products, components and assemblies of the

28  Product Defendants, and each of them, inclusive, were substantially the same as when they left said

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 14 -

PLAINTIFFS' COMPLAINT

1    defendants' possession.

2        45.    The aforementioned asbestos and asbestos-containing products of the Product

3    Defendants, and each of them, inclusive, were used by plaintiff and exposed persons in the manner

4    for which they were intended or in a manner that was or would be reasonably foreseeable; and that

5    plaintiff DAVID SCLAFANI was exposed to said asbestos and asbestos-containing products in a

6    manner foreseeable to said defendants.

7        46.    The dangers inherent in breathing asbestos-containing dust and the dangers inherent

8    in asbestos-containing products, components and assemblies were unknown and unforeseeable to

9    plaintiff DAVID SCLAFANI, and plaintiffs had not been advised or informed by anyone that he

10   could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

11       47.    The failure to warn by and the product defect in the asbestos and asbestos- containing

12   products of Product Defendants, and each of them, inclusive, were a substantial factor and a legal

13   cause of plaintiff DAVID SCLAFANI's injuries and damages thereby sustained by plaintiffs, and

14   that said defendants demonstrated such an entire want of care as to establish that their acts and

15   omissions were the result of actual conscious indifference to the rights, safety, and welfare of

16   plaintiff DAVID SCLAFANI, and that such intentional acts and omissions were substantial factors

17   in causing his disease and injuries.

18       48.    As a direct and proximate result of the aforesaid conduct of said Product Defendants,

19   and each of them, inclusive, plaintiff DAVID SCLAFANI suffered severe and permanent injuries to

20   his person, and plaintiffs suffered damages as alleged above.

21       49.    In particular, plaintiff would show that, as alleged here in this cause of action and

22   throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product

23   Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing

24   agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly

25   ratified, and had full knowledge of or should have known, each of the acts set forth here causing his

26   disease and injuries.   As the above referenced conduct complained of in this complaint of said

27   Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and

28   managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive,

- 15 -

1   outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire

2   want of care as to establish that their acts and omissions were the result of actual conscious

3   indifference to the rights, safety, and welfare of plaintiff DAVID SCLAFANI and of workers

4   exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

5   of punishing said defendants, seek punitive damages according to proof.

6   <u>**FOURTH CAUSE OF ACTION**</u>

7   **PREMISES OWNER/CONTRACTOR LIABILITY**

8   **(Against All Premises Defendants and DOES 201 through 400)**

9       50.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at

10   length herein, all of the allegations of paragraphs 1 through 49 above, inclusive.

11       51.    Plaintiff DAVID SCLAFANI entered, performed work as a Boiler Tender aboard the

12   USS Morton and USS Rogers and was otherwise on or about the premises of **HILL BROTHERS**

13   **CHEMICAL COMPANY** (as contractor/premise owner/supplier of asbestos products); **J.T.**

14   **THORPE & SON, INC.** (as contractor/premise owner/supplier of asbestos products);

15   **METALCLAD INSULATION CORPORATION** (as contractor/premise owner/supplier of

16   asbestos products); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (as contractor/premise

17   owner/supplier of asbestos products); **THOMAS DEE ENGINEERING CO., INC.** (as

18   contractor/premise owner/supplier of asbestos products); **TRIPLE A MACHINE SHOP, INC.** (as

19   contractor/premise owner/supplier of asbestos products);, and DOES 201 through 400, and each of

20   them, inclusive (hereafter "Premises Defendants), including performing that which was to

21   defendants' benefit and advantage and at defendants' request and invitation. In so doing, plaintiff

22   was exposed to dangerous asbestos fibers.

23       52.    At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

24   were the owners, lessors, operators, managers, general contractors, subcontractors or otherwise

25   controlled and maintained certain premises or portions thereof, on which asbestos and asbestos-

26   containing products were fabricated, constructed, manufactured, mixed, processed, milled, crushed,

27   dumped, piled, disposed of, installed, maintained, used, repaired, replaced or otherwise disturbed

28   (hereafter "use(d), handl(ed)(ing) or disturb(ed)(ance)") by their own workers and/or by various

- 16 -

1    contractors, so as to allow and cause and as a result, dangerous airborne asbestos fibers were present

2    on and about said premises while and/or prior to the times plaintiff DAVID SCLAFANI was present

3    creating a hazardous condition upon said premises.

4         53.    At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

5    knew, or in the exercise of ordinary and reasonable care should have known, that the contractors

6    and/or subcontractors hired and/or retained were not competent, that the premises in their control

7    would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions

8    and that the persons working on or using said premises would not be aware of the aforesaid

9    hazardous conditions on the premises to which they were exposed.

10        54.    At all times mentioned herein, the Premises Defendants, and each of them, inclusive,

11   negligently failed to maintain, manage, inspect, survey, or control said premises, or to abate or

12   correct, or to warn plaintiff DAVID SCLAFANI of the existence of the aforesaid dangerous

13   conditions and hazards on said premises.

14        55.    At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

15   knew, negligently and carelessly used asbestos-containing products in construction and renovation,

16   hired contractors or subcontractors, created and/or approved building, specifications, supervised or

17   failed to supervise contractors and subcontractors, researched or failed to research, tested or failed to

18   test, warned or failed to warn, labeled or failed to label, failed to provide protection for, failed to

19   provide a safe work place, failed to provide adequate safety measures, devices and equipment, failed

20   to provide adequate ventilation, failed to provide adequate signs, used asbestos-containing products

21   in construction and renovation and failed to provide sufficient protection to plaintiff from hazards of

22   asbestos, the danger of which said defendants were aware.

23        56.    At all times herein mentioned, the asbestos-containing products, including but not

24   limited to, asbestos-containing building materials and products to be used, handled and/or disturbed

25   on the premises of Premises Defendants, and each of them, inclusive, caused personal injuries to

26   users, consumers, workers and others, including plaintiff DAVID SCLAFANI, while being used,

27   removed and/or handled in a manner reasonably foreseeable, thereby rendering these premises

28   unsafe and dangerous to consumers, users, bystanders or workers exposed thereto, including plaintiff

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 17 -

1   DAVID SCLAFANI.

2   57.   At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

3   knew and could foresee that asbestos and asbestos-containing products used, handled and/or

4   disturbed on the said defendants' premises, and the asbestos dust, debris, fiber and particulate

5   released from the same, created an unreasonable risk of harm to persons entering upon or present

6   near or about the premises of said defendants.

7   58.   At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

8   knew and could reasonably foresee, or in the exercise of ordinary care should have known, that said

9   premises would be entered by persons, including plaintiff DAVID SCLAFANI, without knowledge

10   of, or inspection for, defects or dangerous conditions and that said persons would not be aware of the

11   aforesaid unreasonable risk of harm.

12   59.   At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

13   knew and reasonably could foresee, or in the exercise of ordinary care should have known, that the

14   asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of

15   said defendants generated from the same above-described use, handling and/or disturbance of the

16   asbestos and asbestos-containing products, including asbestos-laden waste derived from the premises

17   of said defendants, was dangerous and created an unreasonable risk of harm to persons entering upon

18   or being present near or about the premises of said defendants.

19   60.   At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

20   had a duty to disclose the presence of, and the dangers and hazards presented by and associated with

21   the asbestos-containing products and the asbestos fibers released and generated from the same

22   above-described use, handling and/or disturbance thereof on and about the premises of said

23   defendants.

24   61.   At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

25   had a duty to disclose the presence of, and the dangers and hazards presented by and associated with

26   the asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises

27   of said defendants, including asbestos-laden waste derived from the premises of said defendants.

28   62.   At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 80057

- 18 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   had a duty to properly remove and/or abate said asbestos at these facilities before or during his

2   presence, but failed to do so. The unreasonably dangerous conditions at these facilities was of such a

3   nature and existed long enough so that it was, or reasonably should have been, discovered and

4   corrected by a premises owner using reasonable care.

5         63.    At all times herein mentioned, plaintiff was continuously exposed to asbestos and

6   asbestos-containing dust while on or about the premises of the Premises Defendants, and each of

7   them, inclusive, without the provision of appropriate safeguards by said defendants who had the duty

8   responsibility for such.

9         64.    Despite the knowledge by the Premises Defendants, and each of them, inclusive, of

10   the aforesaid risks of harm from asbestos and asbestos products generally, and from the asbestos

11   dust, debris, fiber and particulate in the ambient air on or about the premises of said defendants

12   generated from the same above-described use, handling and/or disturbance of asbestos and asbestos-

13   containing products on and about the premises of said defendants, said Premises Defendants, and

14   each of them, inclusive, failed to disclose or warn persons forseeably exposed to asbestos, including

15   plaintiff, of those asbestos hazards and dangers.

16         65.    Plaintiff DAVID SCLAFANI was unaware of the risk of harm created by the

17   aforesaid presence of asbestos products and materials on said premises of the Premises Defendants,

18   and each of them inclusive; and plaintiff was also unaware of the unreasonable risk of harm created

19   by the aforesaid dangerous asbestos dust, debris, fiber and particulate in the ambient air on and about

20   the premises of said defendants.

21         66.    At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

22   retained control of the work and negligently failed to implement, and/or failed to have others

23   implement, proper safety precautions, and/or the use of proper work practices to guard against those

24   asbestos hazards on the premises of said defendants thereby creating an unreasonable risk of harm to

25   persons entering or being on, about or around said asbestos-contaminated premises.

26         67.    Despite said knowledge, defendants, including Premises Defendants, and each of

27   them, inclusive, misrepresented that their premises were safe and free of defects, and/or failed to

28   disclose, and concealed, the presence of the asbestos dust, debris, fiber and particulate in the ambient

1  air on or about the premises of said defendants generated from the same above-described use,

2  handling and/or disturbance of asbestos and asbestos-containing products on and about the premises

3  of said defendants, including asbestos-laden waste derived from the premises of said defendants,

4  thereby creating an unreasonable risk of harm to persons entering said premises and other exposed

5  persons, including plaintiff.

6  68.   In reliance upon the foregoing acts, omissions and representations, plaintiff DAVID

7  SCLAFANI entered and was present upon and/or performed work on said premises of the Premises

8  Defendants, and each of them, inclusive, which was to defendants' benefit and advantage and at

9  defendants' request and invitation; whereupon there was dangerous asbestos dust, debris, fiber and

10  particulate in the ambient air as a result of the same above-described use, handling and/or

11  disturbance of asbestos and asbestos-containing products on and about the premises of said

12  defendants, including asbestos-laden waste derived from the premises of said defendants.   In so

13  doing, plaintiff was exposed to dangerous asbestos fibers for which said defendants are liable.

14  69.   At all times herein mentioned, despite the knowledge by the Premises Defendants,

15  and each of them, inclusive, of the aforesaid risk of harm from asbestos and/or asbestos products on

16  or from its premises, said defendants retained control of the work and negligently failed to

17  implement, and/or failed to have others implement, proper safety precautions, and/or the use of

18  proper work practices to guard against those asbestos hazards from the same above-described use,

19  handling and/or disturbance of asbestos and/or asbestos products on or from said defendants'

20  premises creating an unreasonable risk of harm to persons entering or being on, about or around said

21  asbestos-contaminated premises.

22  70.   At all times herein mentioned, the Premises Defendants, and each of them, inclusive,

23  were aware and knew of the dangers associated with breathing asbestos containing dust, and that

24  users of asbestos and asbestos products, as well as persons entering or being on, about or around the

25  premises who would be exposed to asbestos and asbestos-containing products, had no knowledge or

26  information indicating that asbestos could cause injury, and said defendants knew that the users of

27  asbestos and asbestos-containing products, as well as persons entering or being on, about or around

28  the premises who were exposed to asbestos and asbestos-containing products, would assume, and in

- 20 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact

2    said exposure was extremely hazardous to human life; and intended to instill a false security about

3    the safety of the premises.

4        71.    The Premises Defendants, and each of them, inclusive, knew and failed to disclose

5    that plaintiff DAVID SCLAFANI and anyone similarly situated, upon inhalation of asbestos would,

6    in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

7    mesothelioma and/or cancer, and knew and failed to disclose that inhalation of asbestos would cause

8    pathological effects without noticeable trauma to the public, including buyers, users, and physicians

9    such that physicians could not examine, diagnose and treat those who were exposed to asbestos,

10   including plaintiff.

11       72.    Despite the Premises Defendants, and each of them, inclusive, knowledge of the

12   substantial risks associated with exposure to asbestos, willfully and knowingly concealed and

13   actively suppressed and promoted the suppression from all consumers and persons entering or being

14   on said premises, including plaintiff DAVID SCLAFANI, medical and scientific information

15   concerning the health hazards associated with inhalation of asbestos, including the substantial risk of

16   injury or death therefrom in conscious disregard of the rights, safety and welfare of users,

17   consumers, workers, persons working on around the premises or living with persons entering or

18   being on, about or around said asbestos-contaminated premises.

19       73.    Rather than attempting to protect, or warn persons entering or being on, about or

20   around the premises, the high risk of injury or death resulting from exposure to asbestos and

21   asbestos-containing products, the Premises Defendants, and each of them, inclusive, intentionally

22   failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and

23   suppressed said knowledge from persons entering or being on, about or around the premises that

24   asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of

25   the falsity of said implied representations.   Said defendants propagated misinformation to instill a

26   false sense of security and safety to instill in persons entering or being on, about or around the

27   premises a false sense of security about the safety of the premises.

28       74.    In so doing, the Premises Defendants, and each of them, inclusive, did so with

- 21 -

1   conscious disregard for the safety of persons entering or being on, about or around the premises, in

2   that said defendants had specific prior knowledge that there was a high risk of injury or death

3   resulting from exposure to asbestos or asbestos-containing products being used on the premises,

4   including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific

5   studies, government data, and medical data to which said defendants had access, as well as scientific

6   studies performed by, at the request of, or with the assistance of, said defendants, and which

7   knowledge was obtained by said defendants on or before 1927, and thereafter.

8       75.     The above referenced conduct of said Premises Defendants, and each of them,

9   inclusive, was motivated solely by the financial interest of said defendants and in pursuance of said

10  financial motivation, said defendants consciously disregarded the safety of the users of, and persons

11  exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to

12  permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and

13  persons exposed thereto, including plaintiff.

14      76.     With said knowledge, said Product Defendants, and each of them, inclusive, opted to

15  manufacture, distribute and install said asbestos and asbestos-containing products.

16      77.     Despite the knowledge by the Premises Defendants, and each of them, inclusive, of

17  the aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, and

18  without attempting to protect persons entering or being on, about or around the premises of the high

19  risk of injury or death resulting from exposure to asbestos the said defendants' premises, the

20  Premises Defendants, and each of them, inclusive, negligently provided unsafe equipment, products

21  and materials, including, but not limited to, asbestos and asbestos-containing products, to workers

22  and others, including plaintiff DAVID SCLAFANI, which created a risk of harm to persons entering

23  said premises and persons exposed to asbestos dust, debris, fiber and particulate from the asbestos

24  and asbestos-containing products used, handled or disturbed as hereinabove described on the

25  premises of said defendants.

26      78.     The unreasonably dangerous conditions at the premises of the Premises Defendants,

27  and each of them, inclusive, was of such a nature and existed long enough so that it was, or

28  reasonably should have been, discovered and corrected by said defendants using reasonable care.

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 22 -

79. As a consequence, exposed persons, including plaintiff, entered and performed work in and on said premises which was to defendants' benefit and advantage and at defendants' request and invitation. In so doing and as a consequence thereof, plaintiff was exposed to dangerous quantities of asbestos dust, debris, fiber and particulate from the premises of Premises Defendants inclusive.

80. Plaintiff was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises and negligent provision of equipment, products and materials, including, but not limited to, asbestos and asbestos-containing products.

81. The conduct of Premises Defendants, and each of them, inclusive, were a substantial factor and a legal cause of plaintiff DAVID SCLAFANI's injuries and damages thereby sustained by plaintiffs, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff DAVID SCLAFANI, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

82. Plaintiff DAVID SCLAFANI's injuries and disease were the result of intentional acts and/or omissions, gross negligence and malice in the use of asbestos at the premises of the Premises Defendants, and each of them, inclusive, in that said defendants had a duty to properly remove and/or abate said asbestos at these facilities before or during his presence, but failed to do so.

83. As a direct and proximate result of the aforesaid conduct of said Premises Defendants, and each of them, inclusive, plaintiff DAVID SCLAFANI suffered severe and permanent injuries to his person, and plaintiffs suffered damages as alleged above.

84. In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries. As the above referenced conduct complained of in this complaint of said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and

- 23 -

PLAINTIFFS' COMPLAINT

1  managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive,

2  outrageous, and said Premises Defendants, and each of them, inclusive, demonstrated such an entire

3  want of care as to establish that their acts and omissions were the result of actual conscious

4  indifference to the rights, safety, and welfare of plaintiff DAVID SCLAFANI and of workers

5  exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

6  of punishing said defendants, seek punitive damages according to proof.

### FIFTH CAUSE OF ACTION

### LOSS OF CONSORTIUM

### (Against All Defendants and DOES 1 through 400)

10      85.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth at

11  length herein, all of the allegations of paragraphs 1 through 84 above, inclusive.

12      86.   Plaintiff PATRICIA ANN SCLAFANI was at all relevant times the lawfully wedded

13  spouse of plaintiff DAVID SCLAFANI.

14      87.   Plaintiff DAVID SCLAFANI sustained injuries caused by inhalation of asbestos

15  fibers as alleged herein above. Prior to the aforesaid injuries, plaintiff DAVID SCLAFANI was able

16  to and did perform duties as a spouse.

17      88.   Subsequent to the injuries, and as a proximate result thereof, plaintiff DAVID

18  SCLAFANI was unable to perform the necessary duties as a spouse and the work and service usually

19  performed in the care, maintenance and management of the family home, and therefore has sustained

20  special damages in an amount which has not as yet been fully ascertained and which will be asserted

21  according to proof at trial.

22      89.   Subsequent to the injuries, and as a proximate result thereof, plaintiff PATRICIA

23  ANN SCLAFANI suffered loss of consortium, including, but not by way of limitation, loss of

24  services, marital relations, society, comfort, companionship, love and affection of her said spouse,

25  and has suffered severe mental and emotional distress and general nervousness as a result thereof.

26      90.   As the above referenced conduct complained of in this complaint of defendants and

27  DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious,

28  fraudulent, oppressive, outrageous, and that said defendants, and each of them, demonstrated such an

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   entire want of care as to establish that their acts and omissions were the result of actual conscious

2   indifference to the rights, safety, and welfare of plaintiff PATRICIA ANN SCLAFANI, such that

3   plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages

4   according to proof.

5        **WHEREFORE**, plaintiffs pray judgment against defendants, and DOES 1 through 400, and

6   each of them, inclusive, as follows:

7        1. For general damages according to proof;

8        2. For special damages according to proof;

9        3. For medical and related expenses according to proof;

10       4. For loss of income, earning capacity, earning potential according to proof;

11       5. For exemplary or punitive damages according to proof;

12       6. For costs of suit herein;

13       7. For prejudgment interest on all damages as allowed by laws; and

14       8. For such other and further relief as the Court deems just and proper.

15  DATED: March 5, 2012     WEITZ & LUXENBERG, P.C.

16

17  BY:

18       BENNO ASHRAFI
         LEONARD SANDOVAL
         Attorneys for Plaintiffs

19

20  **DEMAND FOR JURY TRIAL**

21       Plaintiffs demand a jury trial on all issues.

22

23  DATED: March 5, 2012     WEITZ & LUXENBERG, P.C.

24  BY:

25       BENNO ASHRAFI
         LEONARD SANDOVAL

26       Attorneys for Plaintiffs

27

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 25 -

PLAINTIFFS' COMPLAINT