# EXHIBIT 2

GEOFFREY M. DAVIS (SBN 214692)
DANIEL S. HURWITZ (SBN 235260)
BRADLEY W. GUNNING (SBN 251732)

K&L GATES LLP
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone:  310.552-5000
Facsimile:  310.552-5001

Attorneys for Defendant
CRANE CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCLAFANI, an Individual; and PATRICIA ANN SCLAFANI, an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al. <br><br> Defendants. | CASE NO. 2:12-CV-03037-SVW-PJW <br><br> CRANE CO.'S SPECIAL INTERROGATORIES TO PLAINTIFFS |

LA-516485 v1

1

RECYCLED PAPER

CRANE CO.'S SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFFS

GEOFFREY M. DAVIS (SBN 214692)
DANIEL S. HURWITZ (SBN 235260)
BRADLEY W. GUNNING (SBN 251732)

**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California 90067
Telephone: 310.552-5000
Facsimile: 310.552-5001

Attorneys for Defendant
**CRANE CO.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCLAFANI, an Individual; and PATRICIA ANN SCLAFANI, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMSCORPORATION, et al.<br><br>Defendants. | CASE NO. 2:12-CV-03037-SVW-PJW<br><br>**CRANE CO.'S SPECIAL INTERROGATORIES TO PLAINTIFFS** |

LA-516485 v1

1

Defendant CRANE CO. hereby propounds these Specially Prepared Interrogatories upon plaintiffs, **DAVID SCLAFANI AND PATRICIA ANN SCLAFANI**. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, YOU are required to answer the following interrogatories under oath within thirty (30) days from the date of service hereof.

## INTERROGATORIES

1. State all facts upon which YOU base YOUR contention that **DAVID SCLAFANI** was exposed to ASBESTOS-CONTAINING PRODUCTS for which CRANE CO. is legally responsible. (As used herein, the terms "YOU" or "YOUR" refer to **DAVID SCLAFANI AND PATRICIA ANN SCLAFANI**. The term "ASBESTOS-CONTAINING PRODUCT" refers to any product that contains asbestos, including without limitation any finished product or asbestos-containing components which form part of an overall finished product. The term "CRANE CO." refers to defendant CRANE CO. and any entities for which CRANE CO. is an alleged successor-in-interest.)

2. If YOU contend that DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which CRANE CO. is legally responsible, IDENTIFY every person with knowledge of any fact which supports that contention, and explain in precise detail how their knowledge supports this contention. ("IDENTIFY," when used in relation to a natural person, shall mean to state the person's full name, job title, last known address, and last known telephone number.)

3. If YOU contend that DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which CRANE CO. is legally responsible, IDENTIFY every DOCUMENT containing any fact which supports that contention. ("IDENTIFY," when used in relation to a DOCUMENT, shall mean to provide a complete description that is sufficient for the requirements of a request for production of documents under Code of Civil Procedure section 2031.010, et seq., including without limitation a description of the DOCUMENT's date, title, author, subject matter, recipient(s), and custodian of record. "DOCUMENT" shall refer to any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other thing in, upon, or from which information may be embodied, translated, conveyed, or stored, including without limitation

correspondence, memoranda, notes, records, books, papers, telegrams, telexes, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, micro-film, microfiche, work sheets, diaries, calendars, photographs, charts, drawings, sketches, and all other writings or drafts thereof as defined in California Evidence Code Section 250.)

4. If DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, describe in detail each INCIDENT of exposure. ("INCIDENT" shall include without limitation a' disclosure of the dates, location, address, circumstance, manner, frequency and duration of each exposure.)

5. For each jobsite where DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, provide DETAILS OF DAVID SCLAFANI'S EMPLOYMENT at that jobsite. (As used herein, "DETAILS OF DAVID SCLAFANI'S EMPLOYMENT" shall include the name, address and telephone number of DAVID SCLAFANI'S employer, and the dates of DAVID SCLAFANI'S employment at that jobsite.)

6. For each jobsite where DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, please set forth the name, address and telephone number of DAVID SCLAFANI'S CO-WORKERS. (As used herein, "CO-WORKERS" shall include without limitation all employees who also worked for DAVID SCLAFANI'S employer, including co-workers, supervisors and job superintendents at each jobsite.)

7. For each jobsite where DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, DESCRIBE each of those products in detail. ("DESCRIBE" shall include without limitation a description of the type, color, size, weight, texture, shape, length, width, and material composition of the product; a description of the product's application, use and purpose; a description of the system to which any finished product was attached; a specification of the product's temperature rating and pressure rating;

///

a description of the material, if any, that flowed through or was processed by any finished product; and the product's model name and serial number, if applicable.)

8. For each jobsite where DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, specify the approximate age of each product at the time DAVID SCLAFANI worked with or around it.

9. For each jobsite where DAVID SCLAFANI was exposed to asbestos-containing COMPONENT PARTS for which YOU claim CRANE CO. is legally responsible, set forth all facts that support, refute, concern or refer to YOUR contention that CRANE CO. supplied those COMPONENT PARTS as original parts for a finished product. (As used herein, "COMPONENT PART" shall refer to any internal gasket, bonnet gasket, casing gasket, packing or other component used to create a seal for the product).

10. For each jobsite where DAVID SCLAFANI was exposed to asbestos-containing component parts for which YOU claim CRANE CO. is legally responsible, set forth all facts that support, refute, concern or refer to YOUR contention that CRANE CO. supplied those components as replacement parts for a finished product.

11. For each jobsite where DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, identify each DISTINCT ASBESTOS-CONTAINING PRODUCT to which DAVID SCLAFANI was exposed for which YOU claim CRANE CO. is legally responsible and state all facts in support of YOUR contention that such product was PLACED INTO THE STREAM OF COMMERCE by this defendant. (As used herein, the term "DISTINCT ASBESTOS-CONTAINING PRODUCTS" refers to component parts or other products that left a manufacturer's factory as separate and individual products to be used in conjunction with other products or as part of a finished product. "PLACED INTO THE STREAM OF COMMERCE" shall mean that CRANE CO. designed, required, specified, manufactured, sold, supplied or installed the product.)

12. For each jobsite where DAVID SCLAFANI was exposed to DISTINCT ASBESTOS-CONTAINING PRODUCTS that you believe CRANE CO. PLACED INTO THE

STREAM OF COMMERCE and for which YOU claim CRANE CO. is legally responsible, set forth all facts in support of YOUR contention that this defendant placed those products into the stream of commerce.

13. For each jobsite where DAVID SCLAFANI was exposed to DISTINCT ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, state all facts in support of YOUR contention that each of those products contained asbestos.

14. For each jobsite where DAVID SCLAFANI was exposed to ASBESTOS-CONTAINING PRODUCTS for which YOU claim CRANE CO. is legally responsible, describe in detail how asbestos dust was allegedly RELEASED from such product. ["RELEASED" shall include without limitation a description of the manner in which the integrity of the product was disturbed (e.g., by hand scraping, wire brushing, power brushing, etc.), the levels of dust that were generated, whether visible dust was generated, and the duration that asbestos dust was present in DAVID SCLAFANI' breathing zone.]

15. For each CRANE CO. PRODUCT for which YOU claim DAVID SCLAFANI was exposed to asbestos from a COMPONENT PART, set forth all facts to support YOUR contention that the PRODUCT was SPECIFICALLY DESIGNED to be used only with asbestos-containing COMPONENT PARTS and could not function with non-asbestos COMPONENT PARTS. (As used herein, the word "PRODUCT" refers to a valve or any other piece of equipment that YOU contend was manufactured by CRANE CO., or for which YOU claim it bears legal responsibility, and which caused YOU to be exposed to asbestos. "COMPONENT PART" shall refer to any internal gasket, bonnet gasket, casing gasket, packing or other component used to create a seal for the product. "SPECIFICALLY DESIGNED" shall mean a design requirement mandated by CRANE CO. in order for its PRODUCTS to function properly because they were not designed to accommodate non-asbestos sealing components <u>even</u> if such components were able to perform as effectively as asbestos components and could meet the sealing performance requirements of the PRODUCT.)

///

16. To support YOUR claim that CRANE CO. SPECIFICALLY DESIGNED its PRODUCTS to be used only with asbestos-containing COMPONENT PARTS and that those PRODUCTS could not function with non-asbestos COMPONENT PARTS, set forth all facts which show that any design feature of CRANE CO.'S PRODUCTS was changed over time as non-asbestos COMPONENTS were used in place of asbestos COMPONENTS.

17. For each CRANE CO. PRODUCT for which YOU claim DAVID SCLAFANI was exposed to asbestos from a flange gasket associated with that product, set forth all facts to support YOUR contention the PRODUCT was SPECIFICALLY DESIGNED to be used only with asbestos-containing flange gaskets and could not function with non-asbestos flange gaskets.

18. For each CRANE CO. PRODUCT for which YOU claim DAVID SCLAFANI was exposed to asbestos from thermal insulation associated with that product, set forth all facts to support YOUR contention the PRODUCT was designed by CRANE CO. to be used with asbestos-containing thermal insulation.

19. For each CRANE CO. PRODUCT from which YOU claim DAVID SCLAFANI was exposed to asbestos, set forth all facts to support YOUR contention that CRANE CO. designed those PRODUCTS in a manner that caused the release of respirable asbestos fibers during their OPERATION. (As used herein, the word "OPERATION" shall mean when the PRODUCT is functionally operational and not when it is off-line and being repaired or maintained.)

20. State all facts which support YOUR claims for economic damages.

21. State all facts upon which YOU base YOUR contention that YOU are entitled to receive punitive damages from CRANE CO.

22. If YOU are making a successor-in-interest claim against CRANE CO., set forth all facts to support such a claim.

23. Identify each person who YOU expect or intend to call as an expert witness at trial, state the subject matter on which the witness is expected to testify, state the substance of the facts and opinions to which the witness is expected to testify, provide a summary of the grounds for

///

1 | each opinion, state the qualifications of the witness, and identify any report prepared by such witness
2 | related to this case.

3 |     24. Except for those persons identified in response to the preceding Interrogatory,
4 | identify any person who has been retained or employed by YOU or anyone acting on YOUR behalf
5 | as an expert in connection with the subject matter of this lawsuit.

6 |     25. IDENTIFY all DOCUMENTS relating to claims YOU have made to trust
7 | funds, bankruptcy representatives, entities or individuals for benefits or compensation in connection
8 | with DAVID SCLAFANI'S alleged asbestos exposure.

Dated: July 5, 2012

K&L GATES LLP

*/s/ Daniel S. Hurwitz*

Daniel S. Hurwitz
CA State Bar # 235260
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:   310.552.5057
Facsimile    310.552.5001
Daniel.Hurwitz@klgates.com

Attorneys for Defendant
CRANE CO.

---

7

RECYCLED PAPER

**CRANE CO.'S SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFFS**