# EXHIBIT 3

1  Benno Ashrafi, Esq. (CSBN 247623)
2  Leonard Sandoval, Esq. (CSBN 273992)
   WEITZ & LUXENBERG, P.C.
3  1880 Century Park East, Suite 700
   Los Angeles, California 90067
4  Tel.: (310) 247-0921
5  Fax: (310) 786-9927
   Attorneys for Plaintiffs
6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR CENTRAL DISTRICT OF CALIFORNIA

10

DAVID SCLAFANI, an individual; and    CASE NO.  2:12-cv-03037-SVW
11  PATRICIA ANN SCLAFANI, an           (PJWx)
   individual,
12                                        **PLAINTIFFS' RESPONSES TO FIRST
13            Plaintiffs,                 SET OF SPECIAL
                                          INTERROGATORIES PROPOUNDED
14     v.                                 BY DEFENDANT CRANE CO.**

15  AIR & LIQUID SYSTEMS                 Complaint Filed:  March 5th, 2012
16  CORPORATION, et al.,                 Trial Date: None

17

18            Defendants.

19

20  PROPOUNDING PARTY:     DEFENDANT CRANE CO.

21  RESPONDING PARTY:      PLAINTIFFS DAVID SCLAFANI AND PATRICIA

22                         ANN SCLAFANI

23  SET NO.:               ONE

24  ///

25  ///

26  ///

27  ///

28

                                -1-
       PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

# PRELIMINARY STATEMENT

These responses are given solely for the purpose of, and use in, the above-captioned proceeding.  Each response is subject to all objections as to competence, materiality, relevance, propriety, admissibility, and all other appropriate objections, in addition to those expressly set forth hereinafter, on such grounds as would permit or require exclusion of any of the following responses if made by a witness present and testifying in court, all of which objections are reserved, not waived, and may be interposed at any other time in this action or at trial.

Except for further responses, no implied responses are intended herein.  Further, the fact that a response or responses is or are given is not intended as either an admission by Plaintiffs  that the purported fact to which Plaintiffs  respond or relate exist or is true or that Plaintiffs' response constitutes admissible evidence.  No partial response herein is intended as a waiver of any or all-appropriate objection(s) to the unanswered part.  Such responses are provided in the spirit of discovery.

Plaintiffs have not completed their investigation of all facts in this proceeding, has not completed discovery in this proceeding, and has not concluded trial preparation.  While Plaintiffs  believe the following responses are complete and accurate at the present time, it is possible that facts ascertained during the investigation and discovery or after further production of documents by Plaintiff and/or trial preparation may render some or all of the following responses incomplete and/or inaccurate, in which event Plaintiffs  (i) will not be bound by such incomplete and/or inaccurate responses, and (ii) reserve the right to provide in all appropriate respects complete and accurate information.

The foregoing Preliminary Statement is incorporated into each of the following responses.

# GENERAL OBJECTIONS

Plaintiffs object to the interrogatory to the extent it seeks information protected by any privilege or right to confidentiality, including, but not limited to, the attorney-

-2-

1   client privilege, the attorney work-product doctrine, and any applicable constitutional

2   rights of privacy. If any information within the scope of any privilege or

3   confidentiality is inadvertently disclosed in these responses, Plaintiffs have not done

4   so intentionally, and they (i) reserves the right to assert those privileges or

5   confidentiality at any time in this proceeding, and (ii) demands the return of all

6   privileged information, including copies or abstracts of that information. to the

7   interrogatory to the extent that it seeks information that is without regard to the time

8   frame encompassed by these controversies, without regard to the issues raised by this

9   lawsuit, is irrelevant to the subject matter of this lawsuit, and is not reasonably

10  calculated to lead to the discovery of admissible evidence.

11      To the extent that Plaintiffs respond to the interrogatory, they do so solely on

12  their own behalf and based on the information and documents they have been able to

13  obtain to date after conducting a reasonable and diligent investigation. Inasmuch as

14  discovery is ongoing, Plaintiffs reserve the right to supplement this response with such

15  other and further information as it may discover.

16      to the interrogatory to the extent that it purports to impose duties and

17  obligations that exceed or are different than those imposed by the California Rules of

18  Civil Procedure, Federal Rules of Civil Procedure and/or any rules or orders of the

19  California or Pennsylvania courts and/or MDL 875.

20      Subject to the above mentioned limitations, Plaintiffs respond to the First Set of

21  Special Interrogatories Propounded by Defendant CRANE CO.as follows:

22                        **PLAINTIFFS' RESPONSES**

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

24      Plaintiffs object to this interrogatory to the extent that it calls for the premature

25  disclosure of expert information, documents, and/or opinions protected by the

26  attorney-client and work product privileges pursuant to Federal Rules of Civil

27  Procedure 26(b)(1)-(4) and 33(a).

28  ///

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-3-

1   Subject to these objections, and without waiving same, Plaintiffs respond as

2   follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

3   fibers, particles and/or dust through his own work, and the work of others, with

4   Defendant CRANE CO. asbestos-containing products, (including but not limited to

5   CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

6   Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

7   Shipyard between approximately 1959-1963.

8       While DAVID SCLAFANI was working as a Boiler Tender, he was often

9   required to remove, repair, and maintain CRANE CO. (including but not limited to

10  Crane valves, Chapman valves) products associated with piping systems. As such, Mr.

11  Sclafani would personally scrape, cut, remove, replace and install various asbestos-

12  containing component parts including Cranite gaskets, packing and internal insulation

13  associated with the CRANE CO. asbestos-containing products(including but not

14  limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation

15  and packing on CRANE CO. asbestos-containing products(including but not limited

16  to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

17      Moreover, Mr. Sclafani's duties required that he perform work in the near

18  vicinity of other tradesman as they overhauled, tore out, removed, repaired,

19  maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

20  containing products(including but not limited to Crane valves, Chapman valves, and

21  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

22  work which very frequently involved the scraping, cutting, removal, replacement, and

23  installation of various asbestos-containing component parts including Cranite gaskets,

24  packing and internal insulation associated with these various pieces of equipment.

25      Upon information and belief, Plaintiff alleges that the process of working with

26  and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

27  valves, Chapman valves) products and the asbestos-containing gaskets and packing

28  thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

1    result, he would breathe in the residual dust.  As a result of his asbestos exposure from

2    CRANE CO. asbestos-containing products(including but not limited to Chapman

3    valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

4    mesothelioma.

5         Discovery is continuing and Plaintiff reserves the right to amend and or

6    supplement this response at any time. Subject to these objections and without waiving

7    the same, Plaintiff responds as follows: Upon information and belief, DAVID

8    SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

9    work, and the work of others, with Defendant CRANE CO. asbestos-containing

10   products, including but not limited to CRANE CO. (including but not limited to

11   Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

12   Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

13        While DAVID SCLAFANI was working as a Boiler Tender, he was often

14   required to remove, repair, and maintain CRANE CO. asbestos-containing

15   products(including but not limited to Crane valves and Chapman valves) associated

16   with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

17   replace and install various asbestos-containing component parts including Cranite

18   gaskets, packing and internal insulation associated with CRANE CO. asbestos-

19   containing products(including but not limited to Chapman valves and pumps. The

20   removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

21   limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

22   breathed.

23        Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

24   of other tradesman as they overhauled, tore out, removed, repaired, maintained,

25   installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

26   containing products(including but not limited to Crane valves, Chapman valves, and

27   component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

28   work which very frequently involved the scraping, cutting, removal, replacement, and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-5-

1  installation of various asbestos-containing component parts including Cranite gaskets,

2  packing and internal insulation associated with these various pieces of equipment.

3       Upon information and belief, Plaintiff alleges that the process of working with

4  and removing Cranite gaskets from CRANE CO. asbestos-containing

5  products(including but not limited to Crane valves, Chapman valves) products and the

6  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

7  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

8  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

9  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

10  Plaintiff DAVID SCLAFANI developed mesothelioma.

11       Further, during the entire time Mr. Sclafani worked around CRANE CO.

12  valves and gaskets, there were no warnings, written instructions nor

13  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

14  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

15  worked on or those which others worked on or with while in his immediate vicinity.

16  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

17  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

18  and/or dust and as a result, did not use any such devices.

19       Plaintiffs' experts in similar cases have provided depositions, declarations and

20  trial testimony, that more likely than not,  the gaskets and packing described above as

21  being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

22  similar cases have provided depositions, declarations and trial testimony, that

23  exposure to the asbestos-containing materials described above, when inhaled, causes

24  injury.  This testimony is based on, among other things, work experience, testing,

25  research, studies and review of manufacturer defendants' admissions that their

26  products including the gaskets and packing, contained asbestos during all relevant

27  times to this action.  Plaintiffs expect that their experts, when designated in

28  compliance with C.C.P. §2034.210, will testify in accordance with their past

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-6-

1    testimony.  Defendant and defendant's counsel are well aware of this testimony.

2         As a result of his exposure from the valves and gaskets manufactured, designed,

3    distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

4         Discovery is ongoing and Plaintiffs reserve the right to amend and/or

5    supplement this response at any time.

6    **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

7         Plaintiffs object to this interrogatory to the extent that it calls for the premature

8    disclosure of expert information, documents, and/or opinions protected by the

9    attorney-client and work product privileges pursuant to Federal Rules of Civil

10   Procedure Rules 26(b)(1)-(4) and 33(a).

11        Subject to these objections, and without waiving same, Plaintiff responds as

12   follows: Plaintiffs identify CRANE CO. Corporate Representatives, Person(s) Most

13   Knowledgeable, agents or employees, including depositions which may later be taken

14   in this case. Plaintiffs also identify DAVID SCLAFANI's co-workers and superiors.

15   The names, last known addresses, and telephone numbers of DAVID SCLAFANI's

16   co-workers and superiors may be listed within his employment records, which have

17   been previously made available to Defendant through signed authorization.

18   Additionally, Plaintiffs identify expert witnesses Plaintiffs have retained, and will

19   retain.  Plaintiffs' experts have been identified, or will be identified at a time deemed

20   appropriate by the Court.

21        Plaintiffs' investigation and discovery are ongoing and continuous. Plaintiffs

22   reserve the right to amend and/or supplement this response at any time.

23   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

24        Plaintiffs object on the grounds that this request is overbroad and burdensome

25   in that it sweeps within its ambit potentially scores of documents which are irrelevant,

26   privileged as attorney-client communication and are protected as attorney work

27   product.  In addition, this request seeks documents that are certainly obtainable by

28   Defendant from some other source more convenient and less burdensome within the

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-7-

1   meaning of F.R.C.P. Rule 34.  Further, Plaintiffs object to this request on the grounds

2   that it fails to specify with any reasonable particularity the documents it seeks

3   regarding this category and seeks the identification of documents, some of which that

4   are, or should be, in the possession of Defendant and/or Defendant's counsel, and/or

5   are equally available to Defendant.

6          Subject to these objections and without waiving the same, Plaintiffs respond as

7   follows: Please see Plaintiffs' responses to Initial Disclosures, previously produced to

8   Defense Counsel, which included DAVID SCLAFANI's Medical Records as well as

9   signed authorizations for the release of those records. In addition, these documents are

10  available through subpoena, and are clearly obtainable by Defendant from another

11  source that is more convenient and less burdensome within the meaning of F.R.C.P.

12  Rule 34. Furthermore, Plaintiffs identify DAVID SCLAFANI's medical, imaging, and

13  billing records presently within Plaintiffs' possession, custody and control which can

14  be obtained from our record service by contacting them as follows: Mary Laniewski,

15  RecordTrak, Inc., 651 Allendale Road, PO Box 61591, King of Prussia, PA 19406,

16  (610) 992-5000.

17         Plaintiffs' investigation and discovery is ongoing, and Plaintiffs reserve the

18  right to amend and/or supplement this response at any time.

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

20         Plaintiffs object to this interrogatory to the extent that it calls for the premature

21  disclosure of expert information, documents, and/or opinions protected by the

22  attorney-client and work product privileges pursuant to Federal Rules of Civil

23  Procedure 26(b)(1)-(4) and 33(a).

24         Subject to these objections, and without waiving same, Plaintiffs respond as

25  follows: Upon information and belief, Plaintiff, DAVID SCLAFANI, was exposed to

26  asbestos fibers, particles and/or dust from Defendants' asbestos-containing products,

27  equipment, components, parts and/or materials as a result of his work aboard the USS

28  Morton and the USS Rogers as well as at the Long Beach Naval Shipyard between

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-8-

1   approximately 1959-1963. Mr. Sclafani worked in various capacities as a Boiler

2   Tender during this time. While DAVID SCLAFANI was working as a Boiler Tender,

3   he was often required to repair and maintain asbestos-containing valves and gaskets.

4   As such, Mr. Sclafani would personally clean, scrape, cut, remove, replace, repair,

5   install and/ or re-install CRANE CO. valves and gaskets and their various asbestos-

6   containing original and manufacturer provided replacement parts, including but not

7   limited to packing and gaskets. Plaintiffs allege that this work with and around the

8   above-mentioned CRANE CO. equipment as well as auxiliary equipment, component

9   parts and related products caused DAVID SCLAFANI to be exposed to asbestos

10   fibers, particles and/or dust. This work was done per manufacturer instructions found

11   in manufacturer provided manuals. This work regularly released asbestos-containing

12   dust, which Mr. Sclafani inhaled.

13        Upon information and belief, Plaintiffs allege that during DAVID

14   SCLAFANI's time aboard the USS Morton, USS Rogers as well as the Long Beach

15   Naval Shipyard and various merchant marine ships, he was exposed to asbestos

16   through work of others working in his immediate vicinity with Defendants' asbestos-

17   containing products, equipment, auxiliary equipment and component parts including

18   but not limited to CRANE CO. valves and gaskets.  Upon information and belief,

19   Plaintiffs allege that this work with and around the above-mentioned CRANE CO.

20   equipment as well as auxiliary equipment, component parts and related products

21   caused DAVID SCLAFANI to be exposed to asbestos fibers, particles and/or dust.

22        During these shipyard/overhaul periods for re-commission or de-commission,

23   Mr. Sclafani's  duties required him to be in the near vicinity of other tradesman as

24   they overhauled, tore out, removed, repaired, maintained, installed, and/or re-installed

25   various pieces of Defendants' products, equipment, auxiliary equipment, and

26   component parts. Plaintiffs believe and therefore allege that Mr. Sclafani was in the

27   close vicinity of tradesmen performing work which very frequently involved the

28   scraping, cutting, removal, replacement, and installation of various asbestos-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-9-

1   containing component parts including internal and external gaskets and packing, and
2   to the extent these pieces of equipment had internal insulation, associated with these
3   various pieces of equipment.   Moreover, Mr. Sclafani would frequently help other
4   workers in performing their duties and as a result would personally scrape, cut,
5   remove, replace and install various asbestos-containing component parts including
6   gaskets and packing associated with these various pieces of equipment.

7   Upon information and belief, many pieces of equipment were components of
8   the steam creation system which created and moved steam, hot fluids and liquids.
9   Plaintiffs believe and therefore allege exposure to asbestos dust as a result of the
10  removal and/or installation of the asbestos-containing gaskets and packing that were
11  supplied with the foregoing equipment and/or their associated turbines, motors and/or
12  drivers, provided/sold as replacements for and/or specified for use in the pumps by
13  their manufacturers listed herein.

14  Further, Upon information and belief, Plaintiffs believe therefore allege that Mr.
15  Sclafani was in presence and immediate vicinity of workers who would remove and
16  replace internal gaskets when opening up/taking apart, overhauling, re-packing and/or
17  making additional repairs, and/or maintenance to valves.   Upon information and
18  belief, Mr. Sclafani's duties placed him in the very near vicinity of this gasket removal
19  and replacement work, and caused Mr. Sclafani to be exposed to asbestos fibers,
20  particles and/or dust.

21  Further, during the entire time Mr. Sclafani worked around CRANE CO. valves
22  and gaskets, there were no warnings, written instructions nor recommendations,
23  regarding the hazards of asbestos exposure and/or inhalation of asbestos fibers on any
24  of the asbestos-containing products that Mr. Sclafani either worked on or those which
25  others worked on or with while in his immediate vicinity.   As a result, Mr. Sclafani
26  was unaware of his need for any type of safety devices to specifically reduce his
27  possible exposure to, or inhalation of, asbestos fibers, particles and/or dust and as a
28  result, did not use any such devices.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-10-

1    Plaintiffs' experts in similar cases have provided depositions, declarations and
2    trial testimony, that more likely than not,  the gaskets and packing described above as
3    being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in
4    similar cases have provided depositions, declarations and trial testimony, that
5    exposure to the asbestos-containing materials described above, when inhaled, causes
6    injury.  This testimony is based on, among other things, work experience, testing,
7    research, studies and review of manufacturer defendants' admissions that their
8    products including the gaskets and packing, contained asbestos during all relevant
9    times to this action.  Plaintiffs expect that their experts, when designated in
10   compliance with C.C.P. §2034.210, will testify in accordance with their past
11   testimony.  Defendant and defendant's counsel are well aware of this testimony.

12        As a result of his exposure from the valves and gaskets manufactured, designed,
13   distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

14        Discovery is ongoing and Plaintiffs reserve the right to amend and/or
15   supplement this response at any time.

16   **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

17        Plaintiffs object to this interrogatory to the extent that it calls for the premature
18   disclosure of expert information, documents, and/or opinions protected by the
19   attorney-client and work product privileges pursuant to Federal Rules of Civil
20   Procedure 26(b)(1)-(4) and 33(a).

21        Subject to these objections and without waiving the same, Plaintiffs respond as
22   follows:  Upon information and belief, Plaintiffs allege that DAVID SCLAFANI was
23   exposed to asbestos fibers, particles and/or dust from Defendants' asbestos-containing
24   products, equipment, components, parts and/or materials as a result of his work aboard
25   a US Navy Ship while serving as a Seaman in the United States Navy aboard the USS
26   Morton, USS Rogers as well as the Long Beach Naval Shipyard and during periods of
27   shipyard service, overhaul, de-commission and re-commission from July 1944 to May
28   1946, as well as his service in the U.S. Merchant Marines from 1956 to 1958 abroad

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1  various vessels.

2  Upon information and belief, Plaintiffs allege that during DAVID

3  SCLAFANI's time aboard the USS Morton, USS Rogers as well as the Long Beach

4  Naval Shipyard and various merchant marine ships, he was exposed to asbestos

5  through work of others working in his immediate vicinity with Defendants' asbestos-

6  containing products, equipment, auxiliary equipment and component parts including

7  but not limited to CRANE CO. valves and gaskets.  Upon information and belief,

8  Plaintiffs allege that this work with and around the above-mentioned CRANE CO.

9  equipment as well as auxiliary equipment, component parts and related products

10 caused DAVID SCLAFANI to be exposed to asbestos fibers, particles and/or dust.

11 During these shipyard/overhaul periods for re-commission or de-commission,

12 Mr. Sclafani's  duties required him to be in the near vicinity of other tradesman as

13 they overhauled, tore out, removed, repaired, maintained, installed, and/or re-installed

14 various pieces of Defendants' products, equipment, auxiliary equipment, and

15 component parts.  Plaintiffs believe and therefore allege that Mr. Sclafani was in the

16 close vicinity of tradesmen performing work which very frequently involved the

17 scraping, cutting, removal, replacement, and installation of various asbestos-

18 containing component parts including internal and external gaskets and packing, and

19 to the extent these pieces of equipment had internal insulation, associated with these

20 various pieces of equipment.  Moreover, Mr. Sclafani would frequently help other

21 workers in performing their duties and as a result would personally scrape, cut,

22 remove, replace and install various asbestos-containing component parts including

23 gaskets and packing associated with these various pieces of equipment.

24 Upon information and belief, many pieces of equipment were components of

25 the steam creation system which created and moved steam, hot fluids and liquids.

26 Plaintiffs believe and therefore allege exposure to asbestos dust as a result of the

27 removal and/or installation of the asbestos-containing gaskets and packing that were

28 supplied with the foregoing equipment and/or their associated turbines, motors and/or

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-12-

1   drivers, provided/sold as replacements for and/or specified for use in the pumps by

2   their manufacturers listed herein.

3        Further, Upon information and belief, Plaintiffs believe therefore allege that Mr.

4   Sclafani was in presence and immediate vicinity of workers who would remove and

5   replace internal gaskets when opening up/taking apart, overhauling, re-packing and/or

6   making additional repairs, and/or maintenance to valves.   Upon information and

7   belief, Mr. Sclafani's duties placed him in the very near vicinity of this gasket removal

8   and replacement work, and caused Mr. Sclafani to be exposed to asbestos fibers,

9   particles and/or dust.

10        Further, during the entire time Mr. Sclafani worked around CRANE CO. valves

11   and gaskets, there were no warnings, written instructions nor recommendations,

12   regarding the hazards of asbestos exposure and/or inhalation of asbestos fibers on any

13   of the asbestos-containing products that Mr. Sclafani either worked on or those which

14   others worked on or with while in his immediate vicinity.   As a result, Mr. Sclafani

15   was unaware of his need for any type of safety devices to specifically reduce his

16   possible exposure to, or inhalation of, asbestos fibers, particles and/or dust and as a

17   result, did not use any such devices.

18        Plaintiffs' experts in similar cases have provided depositions, declarations and

19   trial testimony, that more likely than not,  the gaskets and packing described above as

20   being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

21   similar cases have provided depositions, declarations and trial testimony, that

22   exposure to the asbestos-containing materials described above, when inhaled, causes

23   injury.   This testimony is based on, among other things, work experience, testing,

24   research, studies and review of manufacturer defendants' admissions that their

25   products including the gaskets and packing, contained asbestos during all relevant

26   times to this action.   Plaintiffs expect that their experts, when designated in

27   compliance with C.C.P. §2034.210, will testify in accordance with their past

28   testimony. Defendant and defendant's counsel are well aware of this testimony.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-13-

1    Additionally, Plaintiffs identify testimony of DAVID SCLAFANI's superiors.

2    The names, last known addresses, and telephone numbers of DAVID SCLAFANI's

3    superiors may be listed within his employment records, which have been previously

4    made available to Defendant through signed authorization.

5    As a result of his exposure from the valves and gaskets manufactured, designed,

6    distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

7    Discovery is continuing and Plaintiffs reserve the right to amend and/or

8    supplement this response at any time.

9    **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

10    Plaintiffs object to this interrogatory to the extent that it calls for the premature

11    disclosure of expert information, documents, and/or opinions protected by the

12    attorney-client and work product privileges pursuant to Federal Rules of Civil

13    Procedure 26(b)(1)-(4) and 33(a).

14    Subject to these objections, and without waiving same, Plaintiffs respond as

15    follows: The names, last known addresses, and telephone numbers of DAVID

16    SCLAFANI's co-workers and superiors may be listed within his employment records,

17    which have been previously made available to Defendant through signed

18    authorization.

19    Discovery is ongoing and Plaintiffs reserve the right to amend and/or

20    supplement this response at any time.

21    **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

22    Plaintiffs object to this interrogatory to the extent that it calls for the premature

23    disclosure of expert information, documents, and/or opinions protected by the

24    attorney-client and work product privileges pursuant to Federal Rules of Civil

25    Procedure Rules 26(b)(1)-(4) and 33(a).

26    Subject to these objections and without waiving the same, Plaintiffs respond as

27    follows: DAVID SCLAFANI was exposed to CRANE CO. gaskets and valves.

28    Plaintiffs' investigation and discovery are ongoing and continuous. Plaintiffs

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-14-

1    reserve the right to amend and/or supplement this response at any time.

2    **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

3        Plaintiffs object to this interrogatory to the extent that it calls for the premature

4    disclosure of expert information, documents, and/or opinions protected by the

5    attorney-client and work product privileges pursuant to Federal Rules of Civil

6    Procedure 26(b)(1)-(4) and 33(a).

7        Subject to these objections, and without waiving same, Plaintiffs respond as

8    follows: Plaintiff's experts will be identified at a time deemed appropriate by the

9    Court or under the Code of Civil Procedure.  Further, Plaintiff identifies Defendant's

10   Person(s) Most Knowledgeable and/or Corporate Representatives and/or

11   employees/former employees via their depositions in this and/or prior matters.

12       Discovery is ongoing and Plaintiffs reserve the right to amend and/or

13   supplement this response at any time.

14   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

15       Plaintiffs object to this interrogatory to the extent that it calls for the premature

16   disclosure of expert information, documents, and/or opinions protected by the

17   attorney-client and work product privileges pursuant to Federal Rules of Civil

18   Procedure 26(b)(1)-(4) and 33(a).

19       Subject to these objections, and without waiving same, Plaintiffs respond as

20   follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

21   fibers, particles and/or dust through his own work, and the work of others, with

22   Defendant CRANE CO. asbestos-containing products, (including but not limited to

23   CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

24   Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

25   Shipyard between approximately 1959-1963.

26       While DAVID SCLAFANI was working as a Boiler Tender, he was often

27   required to remove, repair, and maintain CRANE CO. asbestos-containing

28   products(including but not limited to Crane valves, Chapman valvesproducts

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-15-

1 associated with piping systems. As such, Mr. Sclafani would personally scrape, cut,

2 remove, replace and install various asbestos-containing component parts including

3 Cranite gaskets, packing and internal insulation associated with the CRANE CO.

4 asbestos-containing products(including but not limited to Chapman valves and

5 pumps). The removal of Cranite gaskets, insulation and packing on CRANE CO.

6 asbestos-containing products(including but not limited to Crane valves, Chapman

7 valves) created visible dust which Mr. Sclafani breathed.

8     Moreover, Mr. Sclafani's duties required that he perform work in the near

9 vicinity of other tradesman as they overhauled, tore out, removed, repaired,

10 maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

11 containing products(including but not limited to Crane valves, Chapman valves, and

12 component parts). Further, Mr. Sclafani was in the close vicinity of trades performing

13 work which very frequently involved the scraping, cutting, removal, replacement, and

14 installation of various asbestos-containing component parts including Cranite gaskets,

15 packing and internal insulation associated with these various pieces of equipment.

16     Upon information and belief, Plaintiff alleges that the process of working with

17 and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

18 valves, Chapman valves) products and the asbestos-containing gaskets and packing

19 thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

20 result, he would breathe in the residual dust. As a result of his asbestos exposure from

21 CRANE CO. asbestos-containing products(including but not limited to Chapman

22 valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

23 mesothelioma.

24     Discovery is continuing and Plaintiff reserves the right to amend and or

25 supplement this response at any time. Subject to these objections and without waiving

26 the same, Plaintiff responds as follows: Upon information and belief, DAVID

27 SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

28 work, and the work of others, with Defendant CRANE CO. asbestos-containing

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   products, including but not limited to CRANE CO. (including but not limited to

2   Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

3   Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

4         While DAVID SCLAFANI was working as a Boiler Tender, he was often

5   required to remove, repair, and maintain CRANE CO. asbestos-containing

6   products(including but not limited to Crane valves and Chapman valves) associated

7   with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

8   replace and install various asbestos-containing component parts including Cranite

9   gaskets, packing and internal insulation associated with CRANE CO. asbestos-

10  containing products(including but not limited to Chapman valves and pumps. The

11  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

12  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

13  breathed.

14        Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

15  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

16  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

17  containing products(including but not limited to Crane valves, Chapman valves, and

18  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

19  work which very frequently involved the scraping, cutting, removal, replacement, and

20  installation of various asbestos-containing component parts including Cranite gaskets,

21  packing and internal insulation associated with these various pieces of equipment.

22        Upon information and belief, Plaintiff alleges that the process of working with

23  and removing Cranite gaskets from CRANE CO. asbestos-containing

24  products(including but not limited to Crane valves, Chapman valves) products and the

25  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

26  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

27  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

28  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

-17-

1   Plaintiff DAVID SCLAFANI developed mesothelioma.

2       Further, during the entire time Mr. Sclafani worked around CRANE CO.

3   valves and gaskets, there were no warnings, written instructions nor

4   recommendations, regarding the hazards of asbestos exposure and/or inhalation of

5   asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

6   worked on or those which others worked on or with while in his immediate vicinity.

7   As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

8   specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

9   and/or dust and as a result, did not use any such devices.

10      Plaintiffs' experts in similar cases have provided depositions, declarations and

11  trial testimony, that more likely than not, the gaskets and packing described above as

12  being disturbed in Mr. Sclafani's presence, contained asbestos. Plaintiffs' experts in

13  similar cases have provided depositions, declarations and trial testimony, that

14  exposure to the asbestos-containing materials described above, when inhaled, causes

15  injury. This testimony is based on, among other things, work experience, testing,

16  research, studies and review of manufacturer defendants' admissions that their

17  products including the gaskets and packing, contained asbestos during all relevant

18  times to this action. Plaintiffs expect that their experts, when designated in

19  compliance with C.C.P. §2034.210, will testify in accordance with their past

20  testimony. Defendant and defendant's counsel are well aware of this testimony.

21      As a result of his exposure from the valves and gaskets manufactured, designed,

22  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

23      Discovery is ongoing and Plaintiffs reserve the right to amend and/or

24  supplement this response at any time.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

26      Plaintiffs object to this interrogatory to the extent that it calls for the premature

27  disclosure of expert information, documents, and/or opinions protected by the

28  attorney-client and work product privileges pursuant to Federal Rules of Civil

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-18-

1  Procedure 26(b)(1)-(4) and 33(a).

2  Subject to these objections, and without waiving same, Plaintiffs respond as

3  follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

4  fibers, particles and/or dust through his own work, and the work of others, with

5  Defendant CRANE CO. asbestos-containing products, (including but not limited to

6  CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

7  Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

8  Shipyard between approximately 1959-1963.

9  While DAVID SCLAFANI was working as a Boiler Tender, he was often

10  required to remove, repair, and maintain CRANE CO. asbestos-containing

11  products(including but not limited to Crane valves and Chapman valves)products

12  associated with piping systems. As such, Mr. Sclafani would personally scrape, cut,

13  remove, replace and install various asbestos-containing component parts including

14  Cranite gaskets, packing and internal insulation associated with the CRANE CO.

15  asbestos-containing products(including but not limited to Chapman valves and

16  pumps). The removal of Cranite gaskets, insulation and packing on CRANE CO.

17  asbestos-containing products(including but not limited to Crane valves, Chapman

18  valves) created visible dust which Mr. Sclafani breathed.

19  Moreover, Mr. Sclafani's duties required that he perform work in the near

20  vicinity of other tradesman as they overhauled, tore out, removed, repaired,

21  maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

22  containing products(including but not limited to Crane valves, Chapman valves, and

23  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

24  work which very frequently involved the scraping, cutting, removal, replacement, and

25  installation of various asbestos-containing component parts including Cranite gaskets,

26  packing and internal insulation associated with these various pieces of equipment.

27  Upon information and belief, Plaintiff alleges that the process of working with

28  and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

-19-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1   valves, Chapman valves) products and the asbestos-containing gaskets and packing

2   thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

3   result, he would breathe in the residual dust.  As a result of his asbestos exposure from

4   CRANE CO. asbestos-containing products(including but not limited to Chapman

5   valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

6   mesothelioma.

7          Discovery is continuing and Plaintiff reserves the right to amend and or

8   supplement this response at any time. Subject to these objections and without waiving

9   the same, Plaintiff responds as follows: Upon information and belief, DAVID

10  SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

11  work, and the work of others, with Defendant CRANE CO. asbestos-containing

12  products, including but not limited to CRANE CO. (including but not limited to

13  Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

14  Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

15         While DAVID SCLAFANI was working as a Boiler Tender, he was often

16  required to remove, repair, and maintain CRANE CO. asbestos-containing

17  products(including but not limited to Crane valves and Chapman valves) associated

18  with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

19  replace and install various asbestos-containing component parts including Cranite

20  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

21  containing products(including but not limited to Chapman valves and pumps. The

22  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

23  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

24  breathed.

25         Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

26  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

27  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

28  containing products(including but not limited to Crane valves, Chapman valves, and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-20-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing work which very frequently involved the scraping, cutting, removal, replacement, and installation of various asbestos-containing component parts including Cranite gaskets, packing and internal insulation associated with these various pieces of equipment.

Upon information and belief, Plaintiff alleges that the process of working with and removing Cranite gaskets from CRANE CO. asbestos-containing products(including but not limited to Crane valves, Chapman valves) products and the asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust. As a result of his asbestos exposure from to CRANE CO. asbestos-containing products(including but not limited to Chapman valves and pumps and Cranite gaskets) Plaintiff DAVID SCLAFANI developed mesothelioma.

Further, during the entire time Mr. Sclafani worked around CRANE CO. valves and gaskets, there were no warnings, written instructions nor recommendations, regarding the hazards of asbestos exposure and/or inhalation of asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either worked on or those which others worked on or with while in his immediate vicinity. As a result, Mr. Sclafani was unaware of his need for any type of safety devices to specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles and/or dust and as a result, did not use any such devices.

Plaintiffs' experts in similar cases have provided depositions, declarations and trial testimony, that more likely than not,  the gaskets and packing described above as being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in similar cases have provided depositions, declarations and trial testimony, that exposure to the asbestos-containing materials described above, when inhaled, causes injury.  This testimony is based on, among other things, work experience, testing, research, studies and review of manufacturer defendants' admissions that their products including the gaskets and packing, contained asbestos during all relevant

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1    times to this action.   Plaintiffs expect that their experts, when designated in
2    compliance with C.C.P. §2034.210, will testify in accordance with their past
3    testimony.  Defendant and defendant's counsel are well aware of this testimony.

4        As a result of his exposure from the valves and gaskets manufactured, designed,
5    distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

6        Discovery is ongoing and Plaintiffs reserve the right to amend and/or
7    supplement this response at any time.

8    **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

9        Plaintiffs object on the grounds that this request is overbroad and burdensome
10   in that it sweeps within its ambit potentially scores of documents which are irrelevant,
11   privileged as attorney-client communication and are protected as attorney work
12   product.  In addition, this request seeks documents that are certainly obtainable by
13   Defendant from some other source more convenient and less burdensome within the
14   meaning of F.R.C.P. Rule 34.  Further, Plaintiffs object to this request on the grounds
15   that it fails to specify with any reasonable particularity the documents it seeks
16   regarding this category and seeks the identification of documents, some of which that
17   are, or should be, in the possession of Defendant and/or Defendant's counsel, and/or
18   are equally available to Defendant.

19       Subject to these objections and without waiving the same, Plaintiffs respond as
20   follows: Please see Plaintiffs' responses to Initial Disclosures, previously produced to
21   Defense Counsel, which included DAVID SCLAFANI's Medical Records as well as
22   signed authorizations for the release of those records. In addition, these documents are
23   available through subpoena, and are clearly obtainable by Defendant from another
24   source that is more convenient and less burdensome within the meaning of F.R.C.P.
25   Rule 34. Furthermore, Plaintiffs identify DAVID SCLAFANI's medical, imaging, and
26   billing records presently within Plaintiffs' possession, custody and control which can
27   be obtained from our record service by contacting them as follows: Mary Laniewski,
28   RecordTrak, Inc., 651 Allendale Road, PO Box 61591, King of Prussia, PA 19406,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-22-

1    (610) 992-5000.

2         Plaintiffs object to this interrogatory to the extent that it calls for the premature

3    disclosure of expert information, documents, and/or opinions protected by the

4    attorney-client and work product privileges pursuant to Federal Rules of Civil

5    Procedure 26(b)(1)-(4) and 33(a).

6         Subject to these objections, and without waiving same, Plaintiffs respond as

7    follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

8    fibers, particles and/or dust through his own work, and the work of others, with

9    Defendant CRANE CO. asbestos-containing products, (including but not limited to

10   CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

11   Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

12   Shipyard between approximately 1959-1963.

13        While DAVID SCLAFANI was working as a Boiler Tender, he was often

14   required to remove, repair, and maintain CRANE CO. asbestos-containing

15   products(including but not limited to Crane valves, Chapman valves,products

16   associated with piping systems. As such, Mr. Sclafani would personally scrape, cut,

17   remove, replace and install various asbestos-containing component parts including

18   Cranite gaskets, packing and internal insulation associated with the CRANE CO.

19   asbestos-containing products(including but not limited to Chapman valves and

20   pumps). The removal of Cranite gaskets, insulation and packing on CRANE CO.

21   asbestos-containing products(including but not limited to Crane valves, Chapman

22   valves) created visible dust which Mr. Sclafani breathed.

23        Moreover, Mr. Sclafani's duties required that he perform work in the near

24   vicinity of other tradesman as they overhauled, tore out, removed, repaired,

25   maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

26   containing products(including but not limited to Crane valves, Chapman valves, and

27   component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

28   work which very frequently involved the scraping, cutting, removal, replacement, and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-23-

1  installation of various asbestos-containing component parts including Cranite gaskets,

2  packing and internal insulation associated with these various pieces of equipment.

3  Upon information and belief, Plaintiff alleges that the process of working with

4  and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

5  valves, Chapman valves) products and the asbestos-containing gaskets and packing

6  thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

7  result, he would breathe in the residual dust.  As a result of his asbestos exposure from

8  CRANE CO. asbestos-containing products(including but not limited to Chapman

9  valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

10  mesothelioma.

11  Discovery is continuing and Plaintiff reserves the right to amend and or

12  supplement this response at any time. Subject to these objections and without waiving

13  the same, Plaintiff responds as follows: Upon information and belief, DAVID

14  SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

15  work, and the work of others, with Defendant CRANE CO. asbestos-containing

16  products, including but not limited to CRANE CO. (including but not limited to

17  Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

18  Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

19  While DAVID SCLAFANI was working as a Boiler Tender, he was often

20  required to remove, repair, and maintain CRANE CO. asbestos-containing

21  products(including but not limited to Crane valves and Chapman valves) associated

22  with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

23  replace and install various asbestos-containing component parts including Cranite

24  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

25  containing products(including but not limited to Chapman valves and pumps. The

26  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

27  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

28  breathed.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-24-

1   Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

2   of other tradesman as they overhauled, tore out, removed, repaired, maintained,

3   installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

4   containing products(including but not limited to Crane valves, Chapman valves, and

5   component parts). Further, Mr. Sclafani was in the close vicinity of trades performing

6   work which very frequently involved the scraping, cutting, removal, replacement, and

7   installation of various asbestos-containing component parts including Cranite gaskets,

8   packing and internal insulation associated with these various pieces of equipment.

9       Upon information and belief, Plaintiff alleges that the process of working with

10  and removing Cranite gaskets from CRANE CO. asbestos-containing

11  products(including but not limited to Crane valves, Chapman valves) products and the

12  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

13  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

14  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

15  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

16  Plaintiff DAVID SCLAFANI developed mesothelioma.

17      Further, during the entire time Mr. Sclafani worked around CRANE CO.

18  valves and gaskets, there were no warnings, written instructions nor

19  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

20  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

21  worked on or those which others worked on or with while in his immediate vicinity.

22  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

23  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

24  and/or dust and as a result, did not use any such devices.

25      Plaintiffs' experts in similar cases have provided depositions, declarations and

26  trial testimony, that more likely than not, the gaskets and packing described above as

27  being disturbed in Mr. Sclafani's presence, contained asbestos. Plaintiffs' experts in

28  similar cases have provided depositions, declarations and trial testimony, that

-25-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1  exposure to the asbestos-containing materials described above, when inhaled, causes

2  injury. This testimony is based on, among other things, work experience, testing,

3  research, studies and review of manufacturer defendants' admissions that their

4  products including the gaskets and packing, contained asbestos during all relevant

5  times to this action. Plaintiffs expect that their experts, when designated in

6  compliance with C.C.P. §2034.210, will testify in accordance with their past

7  testimony. Defendant and defendant's counsel are well aware of this testimony.

8      As a result of his exposure from the valves and gaskets manufactured, designed,

9  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

10     Discovery is ongoing and Plaintiffs reserve the right to amend and/or

11  supplement this response at any time.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

13     Plaintiffs object to this interrogatory to the extent that it calls for the premature

14  disclosure of expert information, documents, and/or opinions protected by the

15  attorney-client and work product privileges pursuant to Federal Rules of Civil

16  Procedure 26(b)(1)-(4) and 33(a).

17     Subject to these objections, and without waiving same, Plaintiffs respond as

18  follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

19  fibers, particles and/or dust through his own work, and the work of others, with

20  Defendant CRANE CO. asbestos-containing products, (including but not limited to

21  CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

22  Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

23  Shipyard between approximately 1959-1963.

24     While DAVID SCLAFANI was working as a Boiler Tender, he was often

25  required to remove, repair, and maintain CRANE CO. (including but not limited to

26  Crane valves, Chapman valves) products associated with piping systems. As such, Mr.

27  Sclafani would personally scrape, cut, remove, replace and install various asbestos-

28  containing component parts including Cranite gaskets, packing and internal insulation

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-26-

1    associated with the CRANE CO. asbestos-containing products(including but not

2    limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation

3    and packing on CRANE CO. asbestos-containing products(including but not limited

4    to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

5         Moreover, Mr. Sclafani's duties required that he perform work in the near

6    vicinity of other tradesman as they overhauled, tore out, removed, repaired,

7    maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

8    containing products(including but not limited to Crane valves, Chapman valves, and

9    component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

10   work which very frequently involved the scraping, cutting, removal, replacement, and

11   installation of various asbestos-containing component parts including Cranite gaskets,

12   packing and internal insulation associated with these various pieces of equipment.

13        Upon information and belief, Plaintiff alleges that the process of working with

14   and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

15   valves, Chapman valves) products and the asbestos-containing gaskets and packing

16   thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

17   result, he would breathe in the residual dust.  As a result of his asbestos exposure from

18   CRANE CO. asbestos-containing products(including but not limited to Chapman

19   valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

20   mesothelioma.

21        Discovery is continuing and Plaintiff reserves the right to amend and or

22   supplement this response at any time. Subject to these objections and without waiving

23   the same, Plaintiff responds as follows: Upon information and belief, DAVID

24   SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

25   work, and the work of others, with Defendant CRANE CO. asbestos-containing

26   products, including but not limited to CRANE CO. (including but not limited to

27   Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

28   Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-27-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1    While DAVID SCLAFANI was working as a Boiler Tender, he was often
2    required to remove, repair, and maintain CRANE CO. asbestos-containing
3    products(including but not limited to Crane valves and Chapman valves) associated
4    with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,
5    replace and install various asbestos-containing component parts including Cranite
6    gaskets, packing and internal insulation associated with CRANE CO. asbestos-
7    containing products(including but not limited to Chapman valves and pumps. The
8    removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not
9    limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani
10   breathed.

11   Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity
12   of other tradesman as they overhauled, tore out, removed, repaired, maintained,
13   installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-
14   containing products(including but not limited to Crane valves, Chapman valves, and
15   component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing
16   work which very frequently involved the scraping, cutting, removal, replacement, and
17   installation of various asbestos-containing component parts including Cranite gaskets,
18   packing and internal insulation associated with these various pieces of equipment.

19   Upon information and belief, Plaintiff alleges that the process of working with
20   and removing Cranite gaskets from CRANE CO. asbestos-containing
21   products(including but not limited to Crane valves, Chapman valves) products and the
22   asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.
23   Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.
24   As a result of his asbestos exposure from to CRANE CO. asbestos-containing
25   products(including but not limited to Chapman valves and pumps and Cranite gaskets)
26   Plaintiff DAVID SCLAFANI developed mesothelioma.

27   Further, during the entire time Mr. Sclafani worked around CRANE CO.
28   valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

-28-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   recommendations, regarding the hazards of asbestos exposure and/or inhalation of
2   asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either
3   worked on or those which others worked on or with while in his immediate vicinity.
4   As a result, Mr. Sclafani was unaware of his need for any type of safety devices to
5   specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles
6   and/or dust and as a result, did not use any such devices.

7       Plaintiffs' experts in similar cases have provided depositions, declarations and
8   trial testimony, that more likely than not,  the gaskets and packing described above as
9   being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in
10  similar cases have provided depositions, declarations and trial testimony, that
11  exposure to the asbestos-containing materials described above, when inhaled, causes
12  injury.  This testimony is based on, among other things, work experience, testing,
13  research, studies and review of manufacturer defendants' admissions that their
14  products including the gaskets and packing, contained asbestos during all relevant
15  times to this action.   Plaintiffs expect that their experts, when designated in
16  compliance with C.C.P. §2034.210, will testify in accordance with their past
17  testimony.  Defendant and defendant's counsel are well aware of this testimony.

18      As a result of his exposure from the valves and gaskets manufactured, designed,
19  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

20      Discovery is ongoing and Plaintiffs reserve the right to amend and/or
21  supplement this response at any time.

22  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

23      Plaintiffs object to this interrogatory to the extent that it calls for the premature
24  disclosure of expert information, documents, and/or opinions protected by the
25  attorney-client and work product privileges pursuant to Federal Rules of Civil
26  Procedure 26(b)(1)-(4) and 33(a).

27      Subject to these objections, and without waiving same, Plaintiffs respond as
28  follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

-29-

1    fibers, particles and/or dust through his own work, and the work of others, with

2    Defendant CRANE CO. asbestos-containing products, (including but not limited to

3    CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

4    Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

5    Shipyard between approximately 1959-1963.

6       While DAVID SCLAFANI was working as a Boiler Tender, he was often

7    required to remove, repair, and maintain CRANE CO. asbestos-containing products

8    (including but not limited to Crane valves, Chapman valves) products associated with

9    piping systems. As such, Mr. Sclafani would personally scrape, cut, remove, replace

10    and install various asbestos-containing component parts including Cranite gaskets,

11    packing and internal insulation associated with the CRANE CO. asbestos-containing

12    products (including but not limited to Chapman valves and pumps). The removal of

13    Cranite gaskets, insulation and packing on CRANE CO. asbestos-containing

14    products(including but not limited to Crane valves, Chapman valves) created visible

15    dust which Mr. Sclafani breathed.

16       Moreover, Mr. Sclafani's duties required that he perform work in the near

17    vicinity of other tradesman as they overhauled, tore out, removed, repaired,

18    maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

19    containing products (including but not limited to Crane valves, Chapman valves, and

20    component parts). Further, Mr. Sclafani was in the close vicinity of trades performing

21    work which very frequently involved the scraping, cutting, removal, replacement, and

22    installation of various asbestos-containing component parts including Cranite gaskets,

23    packing and internal insulation associated with these various pieces of equipment.

24       Upon information and belief, Plaintiff alleges that the process of working with

25    and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

26    valves, Chapman valves) products and the asbestos-containing gaskets and packing

27    thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

28    result, he would breathe in the residual dust. As a result of his asbestos exposure from

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-30-

1  CRANE CO. asbestos-containing products(including but not limited to Chapman

2  valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

3  mesothelioma.

4      Discovery is continuing and Plaintiff reserves the right to amend and or

5  supplement this response at any time. Subject to these objections and without waiving

6  the same, Plaintiff responds as follows: Upon information and belief, DAVID

7  SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

8  work, and the work of others, with Defendant CRANE CO. asbestos-containing

9  products, including but not limited to CRANE CO. (including but not limited to

10  Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

11  Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

12      While DAVID SCLAFANI was working as a Boiler Tender, he was often

13  required to remove, repair, and maintain CRANE CO. asbestos-containing

14  products(including but not limited to Crane valves and Chapman valves) associated

15  with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

16  replace and install various asbestos-containing component parts including Cranite

17  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

18  containing products(including but not limited to Chapman valves and pumps. The

19  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

20  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

21  breathed.

22      Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

23  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

24  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

25  containing products(including but not limited to Crane valves, Chapman valves, and

26  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

27  work which very frequently involved the scraping, cutting, removal, replacement, and

28  installation of various asbestos-containing component parts including Cranite gaskets,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-31-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   packing and internal insulation associated with these various pieces of equipment.

2       Upon information and belief, Plaintiff alleges that the process of working with

3   and removing Cranite gaskets from CRANE CO. asbestos-containing

4   products(including but not limited to Crane valves, Chapman valves) products and the

5   asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

6   Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

7   As a result of his asbestos exposure from to CRANE CO. asbestos-containing

8   products(including but not limited to Chapman valves and pumps and Cranite gaskets)

9   Plaintiff DAVID SCLAFANI developed mesothelioma.

10       Further, during the entire time Mr. Sclafani worked around CRANE CO.

11   valves and gaskets, there were no warnings, written instructions nor

12   recommendations, regarding the hazards of asbestos exposure and/or inhalation of

13   asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

14   worked on or those which others worked on or with while in his immediate vicinity.

15   As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

16   specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

17   and/or dust and as a result, did not use any such devices.

18       Plaintiffs' experts in similar cases have provided depositions, declarations and

19   trial testimony, that more likely than not, the gaskets and packing described above as

20   being disturbed in Mr. Sclafani's presence, contained asbestos. Plaintiffs' experts in

21   similar cases have provided depositions, declarations and trial testimony, that

22   exposure to the asbestos-containing materials described above, when inhaled, causes

23   injury. This testimony is based on, among other things, work experience, testing,

24   research, studies and review of manufacturer defendants' admissions that their

25   products including the gaskets and packing, contained asbestos during all relevant

26   times to this action. Plaintiffs expect that their experts, when designated in

27   compliance with C.C.P. §2034.210, will testify in accordance with their past

28   testimony. Defendant and defendant's counsel are well aware of this testimony.

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1    As a result of his exposure from the valves and gaskets manufactured, designed,

2    distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

3    Discovery is ongoing and Plaintiffs reserve the right to amend and/or

4    supplement this response at any time.

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

6    Plaintiffs object to this interrogatory to the extent that it calls for the premature

7    disclosure of expert information, documents, and/or opinions protected by the

8    attorney-client and work product privileges pursuant to Federal Rules of Civil

9    Procedure Rules 26(b)(1)-(4) and 33(a).

10   Subject to these objections, and without waiving same, Plaintiffs respond as

11   follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

12   fibers, particles and/or dust through his own work, and the work of others, with

13   Defendant CRANE CO. asbestos-containing products, (including but not limited to

14   CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

15   Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

16   Shipyard between approximately 1959-1963.

17   While DAVID SCLAFANI was working as a Boiler Tender, he was often

18   required to remove, repair, and maintain CRANE CO. (including but not limited to

19   Crane valves, Chapman valves) products associated with piping systems. As such, Mr.

20   Sclafani would personally scrape, cut, remove, replace and install various asbestos-

21   containing component parts including Cranite gaskets, packing and internal insulation

22   associated with the CRANE CO. asbestos-containing products(including but not

23   limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation

24   and packing on CRANE CO. asbestos-containing products(including but not limited

25   to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

26

27   Moreover, Mr. Sclafani's duties required that he perform work in the near

28   vicinity of other tradesman as they overhauled, tore out, removed, repaired,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-33-

1    maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

2    containing products(including but not limited to Crane valves, Chapman valves, and

3    component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

4    work which very frequently involved the scraping, cutting, removal, replacement, and

5    installation of various asbestos-containing component parts including Cranite gaskets,

6    packing and internal insulation associated with these various pieces of equipment.

7         Upon information and belief, Plaintiff alleges that the process of working with

8    and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

9    valves, Chapman valves) products and the asbestos-containing gaskets and packing

10   thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

11   result, he would breathe in the residual dust.  As a result of his asbestos exposure from

12   CRANE CO. asbestos-containing products(including but not limited to Chapman

13   valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

14   mesothelioma.

15        Discovery is continuing and Plaintiff reserves the right to amend and or

16   supplement this response at any time. Subject to these objections and without waiving

17   the same, Plaintiff responds as follows: Upon information and belief, DAVID

18   SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

19   work, and the work of others, with Defendant CRANE CO. asbestos-containing

20   products, including but not limited to CRANE CO. (including but not limited to

21   Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

22   Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

23        While DAVID SCLAFANI was working as a Boiler Tender, he was often

24   required to remove, repair, and maintain CRANE CO. asbestos-containing

25   products(including but not limited to Crane valves and Chapman valves) associated

26   with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

27   replace and install various asbestos-containing component parts including Cranite

28   gaskets, packing and internal insulation associated with CRANE CO. asbestos-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-34-

1   containing products(including but not limited to Chapman valves and pumps. The

2   removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

3   limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

4   breathed.                                                                        .

5       Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

6   of other tradesman as they overhauled, tore out, removed, repaired, maintained,

7   installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

8   containing products(including but not limited to Crane valves, Chapman valves, and

9   component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

10  work which very frequently involved the scraping, cutting, removal, replacement, and

11  installation of various asbestos-containing component parts including Cranite gaskets,

12  packing and internal insulation associated with these various pieces of equipment.

13      Upon information and belief, Plaintiff alleges that the process of working with

14  and removing Cranite gaskets from CRANE CO. asbestos-containing

15  products(including but not limited to Crane valves, Chapman valves) products and the

16  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

17  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

18  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

19  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

20  Plaintiff DAVID SCLAFANI developed mesothelioma.

21      Further, during the entire time Mr. Sclafani worked around CRANE CO.

22  valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

23  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

24  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

25  worked on or those which others worked on or with while in his immediate vicinity.

26  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

27  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

28  and/or dust and as a result, did not use any such devices.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-35-

1     Plaintiffs' experts in similar cases have provided depositions, declarations and

2     trial testimony, that more likely than not,  the gaskets and packing described above as

3     being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

4     similar cases have provided depositions, declarations and trial testimony, that

5     exposure to the asbestos-containing materials described above, when inhaled, causes

6     injury.  This testimony is based on, among other things, work experience, testing,

7     research, studies and review of manufacturer defendants' admissions that their

8     products including the gaskets and packing, contained asbestos during all relevant

9     times to this action.   Plaintiffs expect that their experts, when designated in

10    compliance with C.C.P. §2034.210, will testify in accordance with their past

11    testimony. Defendant and defendant's counsel are well aware of this testimony.

12     As a result of his exposure from the valves and gaskets manufactured, designed,

13    distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

14     Discovery is ongoing and Plaintiffs reserve the right to amend and/or

15    supplement this response at any time.

16    **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

17     Plaintiffs object to this interrogatory to the extent that it calls for the premature

18    disclosure of expert information, documents, and/or opinions protected by the

19    attorney-client and work product privileges pursuant to Federal Rules of Civil

20    Procedure 26(b)(1)-(4) and 33(a).

21     Subject to these objections, and without waiving same, Plaintiffs respond as

22    follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

23    fibers, particles and/or dust through his own work, and the work of others, with

24    Defendant CRANE CO. asbestos-containing products, (including but not limited to

25    CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

26    Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

27    Shipyard between approximately 1959-1963.

28     While DAVID SCLAFANI was working as a Boiler Tender, he was often

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-36-

1 required to remove, repair, and maintain CRANE CO. (including but not limited to

2 Crane valves, Chapman valves) products associated with piping systems. As such, Mr.

3 Sclafani would personally scrape, cut, remove, replace and install various asbestos-

4 containing component parts including Cranite gaskets, packing and internal insulation

5 associated with the CRANE CO. asbestos-containing products(including but not

6 limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation

7 and packing on CRANE CO. asbestos-containing products(including but not limited

8 to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

9       Moreover, Mr. Sclafani's duties required that he perform work in the near

10 vicinity of other tradesman as they overhauled, tore out, removed, repaired,

11 maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

12 containing products(including but not limited to Crane valves, Chapman valves, and

13 component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

14 work which very frequently involved the scraping, cutting, removal, replacement, and

15 installation of various asbestos-containing component parts including Cranite gaskets,

16 packing and internal insulation associated with these various pieces of equipment.

17       Upon information and belief, Plaintiff alleges that the process of working with

18 and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

19 valves, Chapman valves) products and the asbestos-containing gaskets and packing

20 thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

21 result, he would breathe in the residual dust.  As a result of his asbestos exposure from

22 CRANE CO. asbestos-containing products(including but not limited to Chapman

23 valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

24 mesothelioma.

25       Discovery is continuing and Plaintiff reserves the right to amend and or

26 supplement this response at any time. Subject to these objections and without waiving

27 the same, Plaintiff responds as follows: Upon information and belief, DAVID

28 SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-37-

1  work, and the work of others, with Defendant CRANE CO. asbestos-containing

2  products, including but not limited to CRANE CO. (including but not limited to

3  Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

4  Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

5       While DAVID SCLAFANI was working as a Boiler Tender, he was often

6  required to remove, repair, and maintain CRANE CO. asbestos-containing

7  products(including but not limited to Crane valves and Chapman valves) associated

8  with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

9  replace and install various asbestos-containing component parts including Cranite

10  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

11  containing products(including but not limited to Chapman valves and pumps. The

12  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

13  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

14  breathed.

15       Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

16  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

17  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

18  containing products(including but not limited to Crane valves, Chapman valves, and

19  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

20  work which very frequently involved the scraping, cutting, removal, replacement, and

21  installation of various asbestos-containing component parts including Cranite gaskets,

22  packing and internal insulation associated with these various pieces of equipment.

23       Upon information and belief, Plaintiff alleges that the process of working with

24  and removing Cranite gaskets from CRANE CO. asbestos-containing

25  products(including but not limited to Crane valves, Chapman valves) products and the

26  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

27  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

28  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

-38-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1  products(including but not limited to Chapman valves and pumps and Cranite gaskets)
2  Plaintiff DAVID SCLAFANI developed mesothelioma.

3      Further, during the entire time Mr. Sclafani worked around CRANE CO.
4  valves and gaskets, there were no warnings, written instructions nor
5  recommendations, regarding the hazards of asbestos exposure and/or inhalation of
6  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either
7  worked on or those which others worked on or with while in his immediate vicinity.
8  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to
9  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles
10  and/or dust and as a result, did not use any such devices.

11      Plaintiffs' experts in similar cases have provided depositions, declarations and
12  trial testimony, that more likely than not, the gaskets and packing described above as
13  being disturbed in Mr. Sclafani's presence, contained asbestos. Plaintiffs' experts in
14  similar cases have provided depositions, declarations and trial testimony, that
15  exposure to the asbestos-containing materials described above, when inhaled, causes
16  injury. This testimony is based on, among other things, work experience, testing,
17  research, studies and review of manufacturer defendants' admissions that their
18  products including the gaskets and packing, contained asbestos during all relevant
19  times to this action.  Plaintiffs expect that their experts, when designated in
20  compliance with C.C.P. §2034.210, will testify in accordance with their past
21  testimony. Defendant and defendant's counsel are well aware of this testimony.

22      As a result of his exposure from the valves and gaskets manufactured, designed,
23  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

24      Discovery is ongoing and Plaintiffs reserve the right to amend and/or
25  supplement this response at any time.

26  ///
27  ///
28  ///

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-39-

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Plaintiffs object to this interrogatory to the extent that it calls for the premature disclosure of expert information, documents, and/or opinions protected by the attorney-client and work product privileges pursuant to Federal Rules of Civil Procedure Rules 26(b)(1)-(4) and 33(a).

Subject to these objections, and without waiving same, Plaintiffs respond as follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own work, and the work of others, with Defendant CRANE CO. asbestos-containing products, (including but not limited to CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval Shipyard between approximately 1959-1963.

While DAVID SCLAFANI was working as a Boiler Tender, he was often required to remove, repair, and maintain CRANE CO. (including but not limited to Crane valves, Chapman valves) products associated with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove, replace and install various asbestos-containing component parts including Cranite gaskets, packing and internal insulation associated with the CRANE CO. asbestos-containing products(including but not limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation and packing on CRANE CO. asbestos-containing products(including but not limited to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity of other tradesman as they overhauled, tore out, removed, repaired, maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-containing products(including but not limited to Crane valves, Chapman valves, and component parts). Further, Mr. Sclafani was in the close vicinity of trades performing work which very frequently involved the scraping, cutting, removal, replacement, and installation of various asbestos-containing component parts including Cranite gaskets,

-40-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   packing and internal insulation associated with these various pieces of equipment.

2   　　　Upon information and belief, Plaintiff alleges that the process of working with

3   and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

4   valves, Chapman valves) products and the asbestos-containing gaskets and packing

5   thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

6   result, he would breathe in the residual dust.  As a result of his asbestos exposure from

7   CRANE CO. asbestos-containing products(including but not limited to Chapman

8   valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

9   mesothelioma.

10   　　　Discovery is continuing and Plaintiff reserves the right to amend and or

11   supplement this response at any time. Subject to these objections and without waiving

12   the same, Plaintiff responds as follows: Upon information and belief, DAVID

13   SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

14   work, and the work of others, with Defendant CRANE CO. asbestos-containing

15   products, including but not limited to CRANE CO. (including but not limited to

16   Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

17   Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

18   　　　While DAVID SCLAFANI was working as a Boiler Tender, he was often

19   required to remove, repair, and maintain CRANE CO. asbestos-containing

20   products(including but not limited to Crane valves and Chapman valves) associated

21   with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

22   replace and install various asbestos-containing component parts including Cranite

23   gaskets, packing and internal insulation associated with CRANE CO. asbestos-

24   containing products(including but not limited to Chapman valves and pumps. The

25   removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

26   limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

27   breathed.

28   　　　Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-41-

1  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

2  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

3  containing products(including but not limited to Crane valves, Chapman valves, and

4  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

5  work which very frequently involved the scraping, cutting, removal, replacement, and

6  installation of various asbestos-containing component parts including Cranite gaskets,

7  packing and internal insulation associated with these various pieces of equipment.

8  Upon information and belief, Plaintiff alleges that the process of working with

9  and removing Cranite gaskets from CRANE CO. asbestos-containing

10  products(including but not limited to Crane valves, Chapman valves) products and the

11  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

12  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

13  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

14  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

15  Plaintiff DAVID SCLAFANI developed mesothelioma.

16  Further, during the entire time Mr. Sclafani worked around CRANE CO.

17  valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

18  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

19  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

20  worked on or those which others worked on or with while in his immediate vicinity.

21  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

22  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

23  and/or dust and as a result, did not use any such devices.

24  Plaintiffs' experts in similar cases have provided depositions, declarations and

25  trial testimony, that more likely than not,  the gaskets and packing described above as

26  being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

27  similar  cases  have  provided  depositions,  declarations  and  trial  testimony,  that

28  exposure to the asbestos-containing materials described above, when inhaled, causes

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-42-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1   injury.  This testimony is based on, among other things, work experience, testing,

2   research, studies and review of manufacturer defendants' admissions that their

3   products including the gaskets and packing, contained asbestos during all relevant

4   times to this action.   Plaintiffs expect that their experts, when designated in

5   compliance with C.C.P. §2034.210, will testify in accordance with their past

6   testimony.  Defendant and defendant's counsel are well aware of this testimony.

7           As a result of his exposure from the valves and gaskets manufactured, designed,

8   distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

9           Discovery is ongoing and Plaintiffs reserve the right to amend and/or

10  supplement this response at any time.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

12          Plaintiffs object to this interrogatory to the extent that it calls for the premature

13  disclosure of expert information, documents, and/or opinions protected by the

14  attorney-client and work product privileges pursuant to Federal Rules of Civil

15  Procedure 26(b)(1)-(4) and 33(a).

16          Subject to these objections, and without waiving same, Plaintiffs respond as

17  follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

18  fibers, particles and/or dust through his own work, and the work of others, with

19  Defendant CRANE CO. asbestos-containing products, (including but not limited to

20  CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

21  Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

22  Shipyard between approximately 1959-1963.

23          While DAVID SCLAFANI was working as a Boiler Tender, he was often

24  required to remove, repair, and maintain CRANE CO. (including but not limited to

25  Crane valves, Chapman valves) products associated with piping systems. As such, Mr.

26  Sclafani would personally scrape, cut, remove, replace and install various asbestos-

27  containing component parts including Cranite gaskets, packing and internal insulation

28  associated with the CRANE CO. asbestos-containing products(including but not

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-43-

1  limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation

2  and packing on CRANE CO. asbestos-containing products(including but not limited

3  to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

4      Moreover, Mr. Sclafani's duties required that he perform work in the near

5  vicinity of other tradesman as they overhauled, tore out, removed, repaired,

6  maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

7  containing products(including but not limited to Crane valves, Chapman valves, and

8  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

9  work which very frequently involved the scraping, cutting, removal, replacement, and

10  installation of various asbestos-containing component parts including Cranite gaskets,

11  packing and internal insulation associated with these various pieces of equipment.

12      Upon information and belief, Plaintiff alleges that the process of working with

13  and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

14  valves, Chapman valves) products and the asbestos-containing gaskets and packing

15  thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

16  result, he would breathe in the residual dust.  As a result of his asbestos exposure from

17  CRANE CO. asbestos-containing products(including but not limited to Chapman

18  valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

19  mesothelioma.

20      Discovery is continuing and Plaintiff reserves the right to amend and or

21  supplement this response at any time. Subject to these objections and without waiving

22  the same, Plaintiff responds as follows: Upon information and belief, DAVID

23  SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

24  work, and the work of others, with Defendant CRANE CO. asbestos-containing

25  products, including but not limited to CRANE CO. (including but not limited to

26  Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

27  Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

28      While DAVID SCLAFANI was working as a Boiler Tender, he was often

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-44-

1  required to remove, repair, and maintain CRANE CO. asbestos-containing

2  products(including but not limited to Crane valves and Chapman valves) associated

3  with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

4  replace and install various asbestos-containing component parts including Cranite

5  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

6  containing products(including but not limited to Chapman valves and pumps. The

7  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

8  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

9  breathed.

10  Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

11  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

12  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

13  containing products(including but not limited to Crane valves, Chapman valves, and

14  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

15  work which very frequently involved the scraping, cutting, removal, replacement, and

16  installation of various asbestos-containing component parts including Cranite gaskets,

17  packing and internal insulation associated with these various pieces of equipment.

18  Upon information and belief, Plaintiff alleges that the process of working with

19  and removing Cranite gaskets from CRANE CO. asbestos-containing

20  products(including but not limited to Crane valves, Chapman valves) products and the

21  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

22  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

23  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

24  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

25  Plaintiff DAVID SCLAFANI developed mesothelioma.

26  Further, during the entire time Mr. Sclafani worked around CRANE CO.

27  valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

28  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-45-

1  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

2  worked on or those which others worked on or with while in his immediate vicinity.

3  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

4  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

5  and/or dust and as a result, did not use any such devices.

6      Plaintiffs' experts in similar cases have provided depositions, declarations and

7  trial testimony, that more likely than not,  the gaskets and packing described above as

8  being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

9  similar cases have provided depositions, declarations and trial testimony, that

10  exposure to the asbestos-containing materials described above, when inhaled, causes

11  injury.  This testimony is based on, among other things, work experience, testing,

12  research, studies and review of manufacturer defendants' admissions that their

13  products including the gaskets and packing, contained asbestos during all relevant

14  times to this action.   Plaintiffs expect that their experts, when designated in

15  compliance with C.C.P. §2034.210, will testify in accordance with their past

16  testimony.  Defendant and defendant's counsel are well aware of this testimony.

17      As a result of his exposure from the valves and gaskets manufactured, designed,

18  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

19      Discovery is ongoing and Plaintiffs reserve the right to amend and/or

20  supplement this response at any time.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

22      Plaintiffs object to this interrogatory to the extent that it calls for the premature

23  disclosure of expert information, documents, and/or opinions protected by the

24  attorney-client and work product privileges pursuant to Federal Rules of Civil

25  Procedure 26(b)(1)-(4) and 33(a).

26      Subject to these objections, and without waiving same, Plaintiffs respond as

27  follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

28  fibers, particles and/or dust through his own work, and the work of others, with

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-46-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   Defendant CRANE CO. asbestos-containing products, (including but not limited to

2   CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

3   Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

4   Shipyard between approximately 1959-1963.

5       While DAVID SCLAFANI was working as a Boiler Tender, he was often

6   required to remove, repair, and maintain CRANE CO (including but not limited to

7   Crane valves, Chapman valves) products associated with piping systems. As such, Mr.

8   Sclafani would personally scrape, cut, remove, replace and install various asbestos-

9   containing component parts including Cranite gaskets, packing and internal insulation

10  associated with the CRANE CO. asbestos-containing products(including but not

11  limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation

12  and packing on CRANE CO. asbestos-containing products(including but not limited

13  to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

14      Moreover, Mr. Sclafani's duties required that he perform work in the near

15  vicinity of other tradesman as they overhauled, tore out, removed, repaired,

16  maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

17  containing products(including but not limited to Crane valves, Chapman valves, and

18  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

19  work which very frequently involved the scraping, cutting, removal, replacement, and

20  installation of various asbestos-containing component parts including Cranite gaskets,

21  packing and internal insulation associated with these various pieces of equipment.

22      Upon information and belief, Plaintiff alleges that the process of working with

23  and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

24  valves, Chapman valves) products and the asbestos-containing gaskets and packing

25  thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

26  result, he would breathe in the residual dust.  As a result of his asbestos exposure from

27  CRANE CO. asbestos-containing products(including but not limited to Chapman

28  valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

-47-

1    mesothelioma.

2          Discovery is continuing and Plaintiff reserves the right to amend and or

3    supplement this response at any time. Subject to these objections and without waiving

4    the same, Plaintiff responds as follows: Upon information and belief, DAVID

5    SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

6    work, and the work of others, with Defendant CRANE CO. asbestos-containing

7    products, including but not limited to CRANE CO. (including but not limited to

8    Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

9    Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

10         While DAVID SCLAFANI was working as a Boiler Tender, he was often

11   required to remove, repair, and maintain CRANE CO. asbestos-containing

12   products(including but not limited to Crane valves and Chapman valves) associated

13   with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

14   replace and install various asbestos-containing component parts including Cranite

15   gaskets, packing and internal insulation associated with CRANE CO. asbestos-

16   containing products(including but not limited to Chapman valves and pumps. The

17   removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

18   limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

19   breathed.

20         Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

21   of other tradesman as they overhauled, tore out, removed, repaired, maintained,

22   installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

23   containing products(including but not limited to Crane valves, Chapman valves, and

24   component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

25   work which very frequently involved the scraping, cutting, removal, replacement, and

26   installation of various asbestos-containing component parts including Cranite gaskets,

27   packing and internal insulation associated with these various pieces of equipment.

28         Upon information and belief, Plaintiff alleges that the process of working with

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-48-

1    and removing Cranite gaskets from CRANE CO. asbestos-containing

2    products(including but not limited to Crane valves, Chapman valves) products and the

3    asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

4    Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

5    As a result of his asbestos exposure from to CRANE CO. asbestos-containing

6    products(including but not limited to Chapman valves and pumps and Cranite gaskets)

7    Plaintiff DAVID SCLAFANI developed mesothelioma.

8         Further, during the entire time Mr. Sclafani worked around CRANE CO.

9    valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

10   recommendations, regarding the hazards of asbestos exposure and/or inhalation of

11   asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

12   worked on or those which others worked on or with while in his immediate vicinity.

13   As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

14   specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

15   and/or dust and as a result, did not use any such devices.

16        Plaintiffs' experts in similar cases have provided depositions, declarations and

17   trial testimony, that more likely than not,  the gaskets and packing described above as

18   being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

19   similar cases have provided depositions, declarations and trial testimony, that

20   exposure to the asbestos-containing materials described above, when inhaled, causes

21   injury.  This testimony is based on, among other things, work experience, testing,

22   research, studies and review of manufacturer defendants' admissions that their

23   products including the gaskets and packing, contained asbestos during all relevant

24   times to this action.   Plaintiffs expect that their experts, when designated in

25   compliance with C.C.P. §2034.210, will testify in accordance with their past

26   testimony. Defendant and defendant's counsel are well aware of this testimony.

27        As a result of his exposure from the valves and gaskets manufactured, designed,

28   distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-49-

1    Discovery is ongoing and Plaintiffs reserve the right to amend and/or
2    supplement this response at any time.

3    **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

4    Plaintiffs object to this interrogatory to the extent that it calls for the premature
5    disclosure of expert information, documents, and/or opinions protected by the
6    attorney-client and work product privileges pursuant to Federal Rules of Civil
7    Procedure 26(b)(1)-(4) and 33(a).

8    Subject to these objections, and without waiving same, Plaintiffs respond as
9    follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos
10   fibers, particles and/or dust through his own work, and the work of others, with
11   Defendant CRANE CO. asbestos-containing products, (including but not limited to
12   CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler
13   Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval
14   Shipyard between approximately 1959-1963.

15   While DAVID SCLAFANI was working as a Boiler Tender, he was often
16   required to remove, repair, and maintain CRANE CO. (including but not limited to
17   Crane valves, Chapman valves) products associated with piping systems. As such, Mr.
18   Sclafani would personally scrape, cut, remove, replace and install various asbestos-
19   containing component parts including Cranite gaskets, packing and internal insulation
20   associated with the CRANE CO. asbestos-containing products(including but not
21   limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation
22   and packing on CRANE CO. asbestos-containing products(including but not limited
23   to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

24   Moreover, Mr. Sclafani's duties required that he perform work in the near
25   vicinity of other tradesman as they overhauled, tore out, removed, repaired,
26   maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-
27   containing products(including but not limited to Crane valves, Chapman valves, and
28   component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   work which very frequently involved the scraping, cutting, removal, replacement, and

2   installation of various asbestos-containing component parts including Cranite gaskets,

3   packing and internal insulation associated with these various pieces of equipment.

4          Upon information and belief, Plaintiff alleges that the process of working with

5   and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

6   valves, Chapman valves) products and the asbestos-containing gaskets and packing

7   thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

8   result, he would breathe in the residual dust.  As a result of his asbestos exposure from

9   CRANE CO. asbestos-containing products(including but not limited to Chapman

10  valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

11  mesothelioma.

12         Discovery is continuing and Plaintiff reserves the right to amend and or

13  supplement this response at any time. Subject to these objections and without waiving

14  the same, Plaintiff responds as follows: Upon information and belief, DAVID

15  SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

16  work, and the work of others, with Defendant CRANE CO. asbestos-containing

17  products, including but not limited to CRANE CO. (including but not limited to

18  Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

19  Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

20         While DAVID SCLAFANI was working as a Boiler Tender, he was often

21  required to remove, repair, and maintain CRANE CO. asbestos-containing

22  products(including but not limited to Crane valves and Chapman valves) associated

23  with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

24  replace and install various asbestos-containing component parts including Cranite

25  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

26  containing products(including but not limited to Chapman valves and pumps. The

27  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

28  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

-51-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1  breathed.

2      Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

3  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

4  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

5  containing products(including but not limited to Crane valves, Chapman valves, and

6  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

7  work which very frequently involved the scraping, cutting, removal, replacement, and

8  installation of various asbestos-containing component parts including Cranite gaskets,

9  packing and internal insulation associated with these various pieces of equipment.

10      Upon information and belief, Plaintiff alleges that the process of working with

11  and removing Cranite gaskets from CRANE CO. asbestos-containing

12  products(including but not limited to Crane valves, Chapman valves) products and the

13  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

14  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

15  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

16  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

17  Plaintiff DAVID SCLAFANI developed mesothelioma.

18      Further, during the entire time Mr. Sclafani worked around CRANE CO.

19  valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

20  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

21  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

22  worked on or those which others worked on or with while in his immediate vicinity.

23  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

24  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

25  and/or dust and as a result, did not use any such devices.

26      Plaintiffs' experts in similar cases have provided depositions, declarations and

27  trial testimony, that more likely than not,  the gaskets and packing described above as

28  being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1   similar cases have provided depositions, declarations and trial testimony, that

2   exposure to the asbestos-containing materials described above, when inhaled, causes

3   injury.  This testimony is based on, among other things, work experience, testing,

4   research, studies and review of manufacturer defendants' admissions that their

5   products including the gaskets and packing, contained asbestos during all relevant

6   times to this action.   Plaintiffs expect that their experts, when designated in

7   compliance with C.C.P. §2034.210, will testify in accordance with their past

8   testimony.  Defendant and defendant's counsel are well aware of this testimony.

9       As a result of his exposure from the valves and gaskets manufactured, designed,

10  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

11      Discovery is ongoing and Plaintiffs reserve the right to amend and/or

12  supplement this response at any time.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

14      Plaintiffs object to this interrogatory to the extent that it calls for the premature

15  disclosure of expert information, documents, and/or opinions protected by the

16  attorney-client and work product privileges pursuant to Federal Rules of Civil

17  Procedure 26(b)(1)-(4) and 33(a).

18      Subject to these objections, and without waiving same, Plaintiffs respond as

19  follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

20  fibers, particles and/or dust through his own work, and the work of others, with

21  Defendant CRANE CO. asbestos-containing products, (including but not limited to

22  CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

23  Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

24  Shipyard between approximately 1959-1963.

25      While DAVID SCLAFANI was working as a Boiler Tender, he was often

26  required to remove, repair, and maintain CRANE CO (including but not limited to

27  Crane valves, Chapman valves) products associated with piping systems. As such, Mr.

28  Sclafani would personally scrape, cut, remove, replace and install various asbestos-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-53-

1 containing component parts including Cranite gaskets, packing and internal insulation

2 associated with the CRANE CO. asbestos-containing products(including but not

3 limited to Chapman valves and pumps). The removal of Cranite gaskets, insulation

4 and packing on CRANE CO. asbestos-containing products(including but not limited

5 to Crane valves, Chapman valves) created visible dust which Mr. Sclafani breathed.

6     Moreover, Mr. Sclafani's duties required that he perform work in the near

7 vicinity of other tradesman as they overhauled, tore out, removed, repaired,

8 maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

9 containing products(including but not limited to Crane valves, Chapman valves, and

10 component parts). Further, Mr. Sclafani was in the close vicinity of trades performing

11 work which very frequently involved the scraping, cutting, removal, replacement, and

12 installation of various asbestos-containing component parts including Cranite gaskets,

13 packing and internal insulation associated with these various pieces of equipment.

14     Upon information and belief, Plaintiff alleges that the process of working with

15 and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

16 valves, Chapman valves) products and the asbestos-containing gaskets and packing

17 thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

18 result, he would breathe in the residual dust. As a result of his asbestos exposure from

19 CRANE CO. asbestos-containing products(including but not limited to Chapman

20 valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

21 mesothelioma.

22     Discovery is continuing and Plaintiff reserves the right to amend and or

23 supplement this response at any time. Subject to these objections and without waiving

24 the same, Plaintiff responds as follows: Upon information and belief, DAVID

25 SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

26 work, and the work of others, with Defendant CRANE CO. asbestos-containing

27 products, including but not limited to CRANE CO. (including but not limited to

28 Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-54-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1    Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

2        While DAVID SCLAFANI was working as a Boiler Tender, he was often

3    required to remove, repair, and maintain CRANE CO. asbestos-containing

4    products(including but not limited to Crane valves and Chapman valves) associated

5    with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

6    replace and install various asbestos-containing component parts including Cranite

7    gaskets, packing and internal insulation associated with CRANE CO. asbestos-

8    containing products(including but not limited to Chapman valves and pumps. The

9    removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

10   limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

11   breathed.

12       Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

13   of other tradesman as they overhauled, tore out, removed, repaired, maintained,

14   installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

15   containing products(including but not limited to Crane valves, Chapman valves, and

16   component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

17   work which very frequently involved the scraping, cutting, removal, replacement, and

18   installation of various asbestos-containing component parts including Cranite gaskets,

19   packing and internal insulation associated with these various pieces of equipment.

20       Upon information and belief, Plaintiff alleges that the process of working with

21   and removing Cranite gaskets from CRANE CO. asbestos-containing

22   products(including but not limited to Crane valves, Chapman valves) products and the

23   asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

24   Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

25   As a result of his asbestos exposure from to CRANE CO. asbestos-containing

26   products(including but not limited to Chapman valves and pumps and Cranite gaskets)

27   Plaintiff DAVID SCLAFANI developed mesothelioma.

28       Further, during the entire time Mr. Sclafani worked around CRANE CO.

-55-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1   valves and gaskets, there were no warnings, written instructions nor

2   recommendations, regarding the hazards of asbestos exposure and/or inhalation of

3   asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

4   worked on or those which others worked on or with while in his immediate vicinity.

5   As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

6   specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

7   and/or dust and as a result, did not use any such devices.

8       Plaintiffs' experts in similar cases have provided depositions, declarations and

9   trial testimony, that more likely than not, the gaskets and packing described above as

10  being disturbed in Mr. Sclafani's presence, contained asbestos. Plaintiffs' experts in

11  similar cases have provided depositions, declarations and trial testimony, that

12  exposure to the asbestos-containing materials described above, when inhaled, causes

13  injury. This testimony is based on, among other things, work experience, testing,

14  research, studies and review of manufacturer defendants' admissions that their

15  products including the gaskets and packing, contained asbestos during all relevant

16  times to this action. Plaintiffs expect that their experts, when designated in

17  compliance with C.C.P. §2034.210, will testify in accordance with their past

18  testimony. Defendant and defendant's counsel are well aware of this testimony.

19      As a result of his exposure from the valves and gaskets manufactured, designed,

20  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

21      Discovery is ongoing and Plaintiffs reserve the right to amend and/or

22  supplement this response at any time.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

24      Plaintiffs object to this interrogatory to the extent that it calls for the premature

25  disclosure of expert information, documents, and/or opinions protected by the

26  attorney-client and work product privileges pursuant to Federal Rules of Civil

27  Procedure Rules 26(b)(1)-(4) and 33(a).

28      Subject to these objections and without waiving the same, Plaintiffs respond as

-56-

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1   follows:  Subject to these objections, and without waiving same, Plaintiffs respond as

2   follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

3   fibers, particles and/or dust through his own work, and the work of others, with

4   Defendant CRANE CO. asbestos-containing products, (including but not limited to

5   CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

6   Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

7   Shipyard between approximately 1959-1963.

8        While DAVID SCLAFANI was working as a Boiler Tender, he was often

9   required to remove, repair, and maintain CRANE CO. (including but not limited to

10  Crane valves and Chapman valves)products associated with piping systems. As such,

11  Mr. Sclafani would personally scrape, cut, remove, replace and install various

12  asbestos-containing component parts including Cranite gaskets, packing and internal

13  insulation associated with the CRANE CO. asbestos-containing products(including

14  but not limited to Chapman valves and pumps). The removal of Cranite gaskets,

15  insulation and packing on CRANE CO. asbestos-containing products(including but

16  not limited to Crane valves, Chapman valves) created visible dust which Mr. Sclafani

17  breathed.

18       Moreover, Mr. Sclafani's duties required that he perform work in the near

19  vicinity of other tradesman as they overhauled, tore out, removed, repaired,

20  maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

21  containing products(including but not limited to Crane valves, Chapman valves, and

22  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

23  work which very frequently involved the scraping, cutting, removal, replacement, and

24  installation of various asbestos-containing component parts including Cranite gaskets,

25  packing and internal insulation associated with these various pieces of equipment.

26       Upon information and belief, Plaintiff alleges that the process of working with

27  and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

28  valves, Chapman valves) products and the asbestos-containing gaskets and packing

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-57-

1   thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

2   result, he would breathe in the residual dust.  As a result of his asbestos exposure from

3   CRANE CO. asbestos-containing products(including but not limited to Chapman

4   valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

5   mesothelioma.

6       Discovery is continuing and Plaintiff reserves the right to amend and or

7   supplement this response at any time. Subject to these objections and without waiving

8   the same, Plaintiff responds as follows: Upon information and belief, DAVID

9   SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

10  work, and the work of others, with Defendant CRANE CO. asbestos-containing

11  products, including but not limited to CRANE CO. (including but not limited to

12  Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

13  Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

14      While DAVID SCLAFANI was working as a Boiler Tender, he was often

15  required to remove, repair, and maintain CRANE CO. asbestos-containing

16  products(including but not limited to Crane valves and Chapman valves) associated

17  with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

18  replace and install various asbestos-containing component parts including Cranite

19  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

20  containing products(including but not limited to Chapman valves and pumps. The

21  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

22  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

23  breathed.

24      Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

25  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

26  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

27  containing products(including but not limited to Crane valves, Chapman valves, and

28  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-58-

1   work which very frequently involved the scraping, cutting, removal, replacement, and

2   installation of various asbestos-containing component parts including Cranite gaskets,

3   packing and internal insulation associated with these various pieces of equipment.

4      Upon information and belief, Plaintiff alleges that the process of working with

5   and removing Cranite gaskets from CRANE CO. asbestos-containing

6   products(including but not limited to Crane valves, Chapman valves) products and the

7   asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

8   Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

9   As a result of his asbestos exposure from to CRANE CO. asbestos-containing

10  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

11  Plaintiff DAVID SCLAFANI developed mesothelioma.

12     Further, during the entire time Mr. Sclafani worked around CRANE CO.

13  valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

14  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

15  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

16  worked on or those which others worked on or with while in his immediate vicinity.

17  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

18  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

19  and/or dust and as a result, did not use any such devices.

20     Plaintiffs' experts in similar cases have provided depositions, declarations and

21  trial testimony, that more likely than not,  the gaskets and packing described above as

22  being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

23  similar  cases  have  provided  depositions,  declarations  and  trial  testimony,  that

24  exposure to the asbestos-containing materials described above, when inhaled, causes

25  injury.  This testimony is based on, among other things, work experience, testing,

26  research,  studies  and  review  of  manufacturer  defendants'  admissions  that  their

27  products  including  the  gaskets  and  packing,  contained  asbestos  during  all  relevant

28  times  to  this  action.    Plaintiffs  expect  that  their  experts,  when  designated  in

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   compliance with C.C.P. §2034.210, will testify in accordance with their past

2   testimony. Defendant and defendant's counsel are well aware of this testimony.

3       As a result of his exposure from the valves and gaskets manufactured, designed,

4   distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

5       Plaintiffs believe and thereon alleges that Defendant knew, or should have

6   known, prior to the dates of Mr. Sclafani's work with and/or around asbestos and/or

7   asbestos-containing products manufactured, assembled, sold and/or supplied by

8   Defendant, that asbestos fibers were hazardous, and could cause injury and death.

9   The source of this information is found in the medical and scientific literature

10  available to Defendant, as well as Defendant's corporate documents, which are

11  already in propounding defendant's possession. In addition, despite the knowledge

12  demonstrated in its corporate documents and/or by its employees' testimony,

13  Defendant failed in all respects to adequately warn Mr. Sclafani or other consumers

14  or users of the significant hazards inherent with such products.

15      Upon information and belief, Defendant's knowledge and failure to adequately

16  warn prior to and during the times of Mr. Sclafani's exposure is direct evidence of its

17  malice, fraud and/or conscious disregard for the safety of others. In researching,

18  manufacturing, fabricating, designing, modifying, testing, or failing to test, warning or

19  failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale,

20  supplying, selling, inspecting, servicing, installing, contracting for installation,

21  repairing, marketing, warranting, re-branding, manufacturing for others, packaging,

22  and advertising asbestos-containing products, Defendant did so with conscious

23  disregard for the safety of "exposed persons" (defined herein as users, consumers,

24  workers, bystanders, and others, including Mr. Sclafani herein) who came in contact

25  with its asbestos-containing products, and thereby suffered injuries, including, but not

26  limited to, asbestosis, other lung damages, and cancer. On or before 1930, and

27  thereafter, this knowledge was obtained, in part, from scientific studies performed by,

28  at the interrogatory of, or with the assistance of, said defendants, and/or their

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-60-

1   "alternate entities".

2       Upon information and belief, on or before 1930, and thereafter, Defendant was

3   aware or should have been aware that members of the general public and other

4   "exposed persons", such as Mr. Sclafani , who would come in contact with its

5   asbestos-containing products had no knowledge or information indicating that

6   asbestos or asbestos-containing products could cause injury.  Upon information and

7   belief, Defendant knew that members of the general public and other "exposed

8   persons" who came in contact with its asbestos-containing products, would assume,

9   and in fact did assume, that exposure to its asbestos-containing products was safe,

10  when in fact said exposure was extremely hazardous to health and human life.

11      With knowledge of the extreme hazards of exposure to asbestos-containing

12  products Plaintiffs believe and thereon alleges that Defendant, opted to research,

13  manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer

14  for sale, supply, sell, inspect, service, install, contract for installation, repair, market,

15  warrant, re-brand, manufacture for others, package, and advertise said asbestos-

16  containing equipment without attempting to protect "exposed persons" such Mr.

17  Sclafani, from, or warn "exposed persons" of, the high risk of injury or death resulting

18  from exposure to its asbestos-containing equipment.  Rather than attempting to protect

19  "exposed persons" from, or warn "exposed persons" of, the high risk of injury or

20  death resulting from exposure to its asbestos-containing products, Plaintiffs believe

21  and thereon alleges that Defendant intentionally failed to reveal its knowledge of said

22  risk, and consciously and actively concealed and suppressed said knowledge from

23  "exposed persons" and members of the general public, thus impliedly representing to

24  "exposed persons" and members of the general public that asbestos and asbestos-

25  containing products were safe for all reasonably foreseeable uses.  Defendant engaged

26  in this conduct and made these implied representations with the knowledge of the

27  falsity of said implied representations.

28      Plaintiffs believe and thereon alleges that the above-referenced conduct of

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-61-

1   Defendant was motivated by its financial interest in the continuing, uninterrupted

2   research, design, modification, manufacture, fabrication, labeling, assembly,

3   distribution, lease, purchase, offer for sale, supply, sale, inspection, installation,

4   contracting for installation, repair, marketing, warranting, re-branding, manufacturing

5   for others, packaging and advertising of its asbestos-containing products.  Plaintiffs

6   believe and thereon allege that, in pursuance of said financial motivation, Defendant

7   consciously disregarded the safety of "exposed persons" and in fact was consciously

8   willing and intended to permit its asbestos-containing products to cause injury to

9   "exposed persons" and induced persons to work with and be exposed thereto,

10  including Mr. Sclafani.

11      Mr. Sclafani relied upon Defendant's representations, lack of warnings, and

12  implied warranties of the fitness of its asbestos-containing products.  As a direct,

13  foreseeable, and proximate result thereof, Mr. Sclafani was injured permanently and

14  suffered the injuries and damages as alleged herein.

15      As a result of his exposure from the valves and gaskets manufactured, designed,

16  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

17      Please see DAVID SCLAFANI's Work History Sheet, attached as Exhibit A

18  thereto, and Plaintiffs' Complaint for Damages, which have been previously served on

19  all Defendants.

20      Additionally, Plaintiffs identify the documents that have already been produced

21  and/or made equally available to Defendants since the inception of litigation herein,

22  including, but not limited to DAVID SCLAFANI's military record, employment

23  records, and Social Security records, which are available pursuant to authorizations

24  for the release of those records, previously executed by Plaintiffs and sent to defense

25  counsel, as well as being available through subpoena, are clearly obtainable by

26  Defendant from another source that is more convenient and less burdensome within

27  the meaning of C.C.P. § 2019.030 (a)(1).

28      Plaintiffs identify DAVID SCLAFANI's medical providers who treated him

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-62-

prior to, and following, his diagnosis of mesothelioma.  Pursuant to General Order No. 23, the medical, imaging, and billing records presently within Plaintiffs' possession, custody and control can be obtained from our record service by contacting them as follows: Chris Cole, Pike Photocopy, 4221 Sepulveda Blvd., Culver City, CA 90230, (310) 397-4000.

Moreover, Plaintiffs identify CRANE CO. own product records, which may include descriptions, diagrams, instructions, and/or samples of asbestos-containing products and/or packaging used.  Plaintiffs allege that these documents are in CRANE CO. possession and have not been produced to Plaintiffs in this litigation.  For further response, Plaintiffs also identify CRANE CO. own sales record, including sales and purchase records, contracts for sale and purchase, and invoices and receipts for sale and purchase of asbestos-containing products, which are already in CRANE CO. possession and which may or may not have been provided to Plaintiffs in this litigation.  Plaintiffs believe these documents may also contain the identity of persons knowledgeable regarding Defendant's asbestos-containing products.  Plaintiffs also identify CRANE CO. Answer to the Complaint, as well as its responses to discovery propounded to this defendant in this and prior litigation, which are within CRANE CO. possession, custody or control.

Plaintiffs further identify the testimony of CRANE CO. Corporate Representative, Person(s) Most Knowledgeable, agents or employees, which has been taken in prior cases or will be taken in this case.  Additionally, Plaintiffs identify CRANE CO. Exhibit List and the documents listed on them, which are equally accessible to propounding party.

Finally, Plaintiffs identify testimony of DAVID SCLAFANI's co-workers and superiors.  The names, last known addresses, and telephone numbers of DAVID SCLAFANI's co-workers and superiors may be listed within his employment records, which have been previously made available to Defendant through signed authorization.  Additionally, Plaintiffs identify expert witnesses Plaintiffs have

PLAINTIFFS' RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

1    retained, and will retain.  Plaintiffs' experts have been identified, or will be identified

2    at a time deemed appropriate by the Court or under the Code of Civil Procedure.

3          Discovery is continuing and Plaintiffs reserve the right to amend and/or

4    supplement this response at any time.

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

6          Plaintiffs object to this interrogatory to the extent that it calls for the premature

7    disclosure of expert information, documents, and/or opinions protected by the

8    attorney-client and work product privileges pursuant to Federal Rules of Civil

9    Procedure 26(b)(1)-(4) and 33(a).

10         Subject to these objections, and without waiving same, Plaintiffs respond as

11    follows: Subject to these objections, and without waiving same, Plaintiffs respond as

12    follows: Upon information and belief, DAVID SCLAFANI was exposed to asbestos

13    fibers, particles and/or dust through his own work, and the work of others, with

14    Defendant CRANE CO. asbestos-containing products, (including but not limited to

15    CRANE CO. Chapman valves and pumps, Cranite gaskets), while working as a Boiler

16    Tender aboard the USS Morton and the USS Rogers as well as the Long Beach Naval

17    Shipyard between approximately 1959-1963.

18         While DAVID SCLAFANI was working as a Boiler Tender, he was often

19    required to remove, repair, and maintain CRANE CO. (including but not limited to

20    Crane valves and Chapman valves) products associated with piping systems. As such,

21    Mr. Sclafani would personally scrape, cut, remove, replace and install various

22    asbestos-containing component parts including Cranite gaskets, packing and internal

23    insulation associated with the CRANE CO. asbestos-containing products(including

24    but not limited to Chapman valves and pumps). The removal of Cranite gaskets,

25    insulation and packing on CRANE CO. asbestos-containing products(including but

26    not limited to Crane valves, Chapman valves) created visible dust which Mr. Sclafani

27    breathed.

28         Moreover, Mr. Sclafani's duties required that he perform work in the near

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-64-

1    vicinity of other tradesman as they overhauled, tore out, removed, repaired,

2    maintained, installed, and/or re-installed various pieces of CRANE CO. asbestos-

3    containing products(including but not limited to Crane valves, Chapman valves, and

4    component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

5    work which very frequently involved the scraping, cutting, removal, replacement, and

6    installation of various asbestos-containing component parts including Cranite gaskets,

7    packing and internal insulation associated with these various pieces of equipment.

8         Upon information and belief, Plaintiff alleges that the process of working with

9    and removing Cranite gaskets from CRANE CO. (including but not limited to Crane

10   valves, Chapman valves) products and the asbestos-containing gaskets and packing

11   thereon resulted in dusty conditions in Mr. Sclafani's immediate vicinity and, as a

12   result, he would breathe in the residual dust.  As a result of his asbestos exposure from

13   CRANE CO. asbestos-containing products(including but not limited to Chapman

14   valves and pumps and Cranite gaskets), Plaintiff DAVID SCLAFANI developed

15   mesothelioma.

16        Discovery is continuing and Plaintiff reserves the right to amend and or

17   supplement this response at any time. Subject to these objections and without waiving

18   the same, Plaintiff responds as follows: Upon information and belief, DAVID

19   SCLAFANI was exposed to asbestos fibers, particles and/or dust through his own

20   work, and the work of others, with Defendant CRANE CO. asbestos-containing

21   products, including but not limited to CRANE CO. (including but not limited to

22   Chapman valves and pumps, Cranite gaskets and Deming pumps), while working as a

23   Boiler Tender aboard the USS Halekala (AE-25) from approximately 1960-1962.

24        While DAVID SCLAFANI was working as a Boiler Tender, he was often

25   required to remove, repair, and maintain CRANE CO. asbestos-containing

26   products(including but not limited to Crane valves and Chapman valves) associated

27   with piping systems. As such, Mr. Sclafani would personally scrape, cut, remove,

28   replace and install various asbestos-containing component parts including Cranite

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-65-

1  gaskets, packing and internal insulation associated with CRANE CO. asbestos-

2  containing products(including but not limited to Chapman valves and pumps. The

3  removal of Cranite gaskets, insulation and packing on CRANE CO. (including but not

4  limited to Crane valves and Chapman valves) created visible dust which Mr. Sclafani

5  breathed.

6      Moreover, Mr. Sclafani's duties required that he perform work in the near vicinity

7  of other tradesman as they overhauled, tore out, removed, repaired, maintained,

8  installed, and/or re-installed various pieces of Defendant CRANE CO. asbestos-

9  containing products(including but not limited to Crane valves, Chapman valves, and

10  component parts).  Further, Mr. Sclafani was in the close vicinity of trades performing

11  work which very frequently involved the scraping, cutting, removal, replacement, and

12  installation of various asbestos-containing component parts including Cranite gaskets,

13  packing and internal insulation associated with these various pieces of equipment.

14      Upon information and belief, Plaintiff alleges that the process of working with

15  and removing Cranite gaskets from CRANE CO. asbestos-containing

16  products(including but not limited to Crane valves, Chapman valves) products and the

17  asbestos-containing gaskets and packing thereon resulted in dusty conditions in Mr.

18  Sclafani's immediate vicinity and, as a result, he would breathe in the residual dust.

19  As a result of his asbestos exposure from to CRANE CO. asbestos-containing

20  products(including but not limited to Chapman valves and pumps and Cranite gaskets)

21  Plaintiff DAVID SCLAFANI developed mesothelioma.

22      Further, during the entire time Mr. Sclafani worked around CRANE CO.

23  valves   and   gaskets,   there   were   no   warnings,   written   instructions   nor

24  recommendations, regarding the hazards of asbestos exposure and/or inhalation of

25  asbestos fibers on any of the asbestos-containing products that Mr. Sclafani either

26  worked on or those which others worked on or with while in his immediate vicinity.

27  As a result, Mr. Sclafani was unaware of his need for any type of safety devices to

28  specifically reduce his possible exposure to, or inhalation of, asbestos fibers, particles

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-66-

1   and/or dust and as a result, did not use any such devices.

2          Plaintiffs' experts in similar cases have provided depositions, declarations and

3   trial testimony, that more likely than not,  the gaskets and packing described above as

4   being disturbed in Mr. Sclafani's presence, contained asbestos.  Plaintiffs' experts in

5   similar cases have provided depositions, declarations and trial testimony, that

6   exposure to the asbestos-containing materials described above, when inhaled, causes

7   injury.  This testimony is based on, among other things, work experience, testing,

8   research, studies and review of manufacturer defendants' admissions that their

9   products including the gaskets and packing, contained asbestos during all relevant

10  times to this action.  Plaintiffs expect that their experts, when designated in

11  compliance with C.C.P. §2034.210, will testify in accordance with their past

12  testimony.  Defendant and defendant's counsel are well aware of this testimony.

13         As a result of his exposure from the valves and gaskets manufactured, designed,

14  distributed, and/or sold by CRANE CO., Mr. Sclafani developed mesothelioma.

15         Discovery is ongoing and Plaintiffs reserve the right to amend and/or

16  supplement this response at any time.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

18         Plaintiffs object to this interrogatory to the extent that it calls for the premature

19  disclosure of expert information, documents, and/or opinions protected by the

20  attorney-client and work product privileges pursuant to Federal Rules of Civil

21  Procedure 26(b)(1)-(4) and 33(a).

22         Plaintiffs identify expert witnesses Plaintiffs have retained, and will retain.

23  Plaintiffs' experts have been identified, or will be identified at a time deemed

24  appropriate by the Court.

25         Plaintiffs' investigation and discovery are ongoing and continuous. Plaintiffs

26  reserve the right to amend and/or supplement this response at any time.

27  **RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

28         Plaintiffs object to this interrogatory to the extent that it calls for the premature

-67-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

1   disclosure of expert information, documents, and/or opinions protected by the

2   attorney-client and work product privileges pursuant to Federal Rules of Civil

3   Procedure 26(b)(1)-(4) and 33(a).

4       Plaintiffs identify expert witnesses Plaintiffs have retained, and will retain.

5   Plaintiffs' experts have been identified, or will be identified at a time deemed

6   appropriate by the Court.

7       Plaintiffs' investigation and discovery are ongoing and continuous. Plaintiffs

8   reserve the right to amend and/or supplement this response at any time.

9   **RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

10       Plaintiffs object to this Interrogatory on the grounds, and to the extent, that it

11   seeks the premature disclosure of information of plaintiffs' retained litigation

12   consultants in violation of C.C.P. § 2034.210, et seq.  Plaintiffs object to this

13   Interrogatory upon the grounds it improperly seeks the disclosure of confidential

14   settlement information.  Plaintiffs further object to this Interrogatory upon the ground

15   that it violates Code of Civil Procedure § 2017.010, and Helfend v. Southern Calif.

16   Rapid Transit Dist. (1970) 2 Cal.3d 1, 6, in that defendant improperly seeks collateral

17   source information which is not relevant to the subject matter of the action, and such

18   information is not likely to lead to discovery of admissible evidence because no

19   logical inference of liability can be drawn therefrom.  Plaintiffs object to this

20   Interrogatory on the grounds that the information requested is not reasonably

21   calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to

22   this Interrogatory upon the ground that it violates Code of Civil Procedure

23   § 2030.060(d) in that it is improper in form because it is not full and complete in and

24   of itself.  Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The

25   Rutter Group 2005) ¶ 8:979.5, ch. 8F-3.

26       Subject to and without waiving said objections, plaintiffs will provide post-

27   verdict non-privileged aggregate total settlements received from bankruptcy claims

28   submitted so that proper adjusted credits are factored into net judgments entered

1  against this propounding defendant, see <u>Greathouse v. Amcord, Inc.</u>, (1995) 35

2  Cal.App.4th 831.

3        Plaintiffs have no further information responsive to this Interrogatory at this

4  time.  Pursuant to C.C.P. § 2030.220, after making a reasonable and good-faith effort

5  to obtain the information by inquiry to other natural persons or organizations,

6  plaintiffs believe that they have no further relevant and/or responsive information to

7  disclose at this time.  Plaintiffs' investigation and discovery are ongoing.  Plaintiffs

8  reserve the right to supplement this answer pending the outcome of plaintiffs'

9  investigation.

10

11

12  DATED: August 20, 2012.             WEITZ & LUXENBERG, P.C.

13

14

15

16

17                    Leonard Sandoval

18                    WEITZ & LUXENBERG LLP

19                    1880 Century Park East, Suite 700

20                    Los Angeles, CA 90067

                      Telephone: (310) 247-0921

                      Attorney for Plaintiff

21

22

23

24

25

26

27

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 Century Park East, Suite 700
Los Angeles, CA 90067

-69-

# VERIFICATION

I, DAVID SCLAFANI, have read the forgoing and know its contents: PLAINTIFFS' JOINT
RESPONSES TO THE FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED BY
CRANE CO.

I am a party to this action.  The matters stated in the foregoing document are true to the best of my own
knowledge, except as to those matters which are stated on information and belief, and as to those
matters, I believe them to be true.

       I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

                                    *      *      *

Executed on ____Sep t  1____, 2012, at _Claremont_, NEW HAMPSHIRE

__DAVID A. Sclafani__         __David C. Sclafani__
    Type or Print Name                           Signature

LEXISNEXIS' FILE & SERVE
46423108
E-SERVICE
Sep 13 2012
11:21AM

# VERIFICATION

I, PATRICIA SCLAFANI, have read the forgoing and know its contents: PLAINTIFFS' RESPONSES TO THE FIRST SET OF SPECIAL INTERROGATORIES PROPOUNDED BY CRANE CO.

I am a party to this action.  The matters stated in the foregoing document are true to the best of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

\*       \*       \*

Executed on _Sept 1_ , 2012, at _Claremont_ , NEW HAMPSHIRE

_Patricia A Sclafani_                          _Patricia A Sclafani_
Type or Print Name                                    Signature